GARY A. CLARK, Cal. Bar No. 65455
gclark@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
333 South Hope Street, 43rd Floor
Los Angeles, California 90071
Telephone: (213) 620-1780
Facsimile: (213) 620-1398

Attorneys for Defendant and Counterclaimant
MASTERCARD INTERNATIONAL INCORPORATED

Joseph Melnik (State Bar No. 255601)
jmelnik@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

Attorneys for Defendant and Counterclaimant
VISA INC.

Patrick F. Bright (SBN 68709)
E-mail: pbright@brightpatentlaw.com
WAGNER, ANDERSON & BRIGHT LLP
3541 Ocean View Boulevard
Glendale, California 91208
Tel: (818) 249-9300
Fax: (818) 249-9335

Attorneys for Plaintiff and Counter-Defendant
SMARTMETRIC INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SMARTMETRIC INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>MASTERCARD INTERNATIONAL INCORPORATED, a Delaware corporation, and VISA, INC., a Delaware corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV 11-7126 MWF (FMOx)<br><br>**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**<br><br>**Markman Hearing**<br>**Date: August 29, 2012**<br>**Time: 10:00 a.m.**<br>**Ctrm: 1600 – Spring St.**<br>**Hon. Michael W. Fitzgerald** |

Plaintiff/Counter-Defendant SmartMetric Inc. ("SmartMetric") and Defendant/Counterclaimants MasterCard International Incorporated ("MasterCard") and Visa Inc. ("Visa") submit this Joint Claim Construction and Prehearing Statement as follows:

The patent in suit is U.S. Patent No. 6,792,464 ("the '464 patent"). The parties advise the Court that they have exchanged proposed terms for construction and thereafter exchanged proposed constructions.

## I. CLAIM TERMS AND PHRASES IDENTIFIED BY THE PARTIES

Attached as Exhibit A are the parties' proposed constructions of each of the claim phrases identified by the parties, together with an identification of the intrinsic evidence that the parties contend support the constructions. Attached as Exhibit B is Plaintiff's separate chart of proposed constructions and identification of intrinsic evidence. Defendants have transferred those entries to Exhibit A for the Court's convenience. Plaintiff's Exhibit B also contains references to prior claim construction rulings of the Court and the Federal Circuit from the earlier action between the parties.

The parties have agreed to rely solely on intrinsic evidence for purposes of this claim construction proceeding. Intrinsic evidence means the patent-in-suit, its prosecution history and the prosecution histories of any related patents (i.e., in the same family), and the cited prior art references. This agreement precludes the parties from relying on any extrinsic evidence, including without limitation non-cited prior art, dictionaries, treatises, and expert or inventor declarations or other testimony, in this claim construction proceeding.

Plaintiff asks the Court to limit the number of terms to be defined to no more than 5, of the Defendants' or the Court's choosing. Plaintiff's position is that the nine terms the Defendants ask to be defined is unduly burdensome on the Court. Plaintiff's counsel has never had to define more than 5 terms in any other case, and there are already four terms earlier defined by Judge Nguyen and the Federal Circuit that are applicable, by law, here.

Defendants disagree with Plaintiff's above-stated position. First, it is not unusual to construe more than five claim terms or limitations. If the proper constructions of more than five terms are in dispute, all such terms may eventually need to be construed, whether in a claim construction proceeding or in connection with dispositive motions or jury instructions. Second, two of the four terms construed by Judge Nguyen were not reviewed by the Federal Circuit in the earlier case, and thus have not been finally resolved as a matter of law. Defendants reserve the right to challenge those constructions in any appeal of this action.

## II. ANTICIPATED LENGTH OF TIME FOR CLAIM CONSTRUCTION HEARING

The parties anticipate 3 hours for the claim construction hearing.

## III. WHETHER ANY PARTY PROPOSES TO CALL WITNESSES

The parties will not call witnesses at the claim construction hearing.

Dated: July 31, 2012

WAGNER, ANDERSON & BRIGHT LLP

By *\/s/ Patrick F. Bright*

PATRICK F. BRIGHT

Attorneys for Plaintiff and Counter-Defendant SMARTMETRIC INC.

Dated: July 31, 2012

JONES DAY

By */s/ Joseph Melnik*

JOSEPH MELNIK

Attorneys for Defendant and Counterclaimant VISA INC.

Dated: July 31, 2012

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By */s/ Gary A. Clark*

GARY A. CLARK

Attorneys for Defendant and Counterclaimant MASTERCARD INTERNATIONAL INCORPORATED

# Exhibit A

## EXHIBIT A

| PATENT CLAIM TERM, PHRASE, OR CLAUSE | CLAIMS | PLAINTIFF'S PROPOSED CONSTRUCTION AND IDENTIFICATION OF INTRINSIC EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND IDENTIFICATION OF INTRINSIC EVIDENCE |
|---|---|---|---|
| "user" | Claims 1, 3, 4, 5, 6, 7, 9, 11, 13, 14, 16, 17, 18, 19, 20, 22, 24. | Proposed Construction - "someone who uses the access systems and/or methods to access a **network service provider where the network is public or private**"<br><br>Intrinsic Evidence<br><br>'464 patent:<br><br>Claims 1 and 14;<br>Col. 2, line 51 – col. 3, line 12;<br>Col. 4, line 60 – col. 5, line 13;<br><br>Court of Appeals for the Federal Circuit defining "network." | Proposed Construction - "the person inserting the data card into the data card reader"<br><br>Intrinsic Evidence<br><br>'464 patent:<br><br>Claims 1, 2, 4-5, 14-17;<br>Col. 1, lines 64-66;<br>Col. 2, lines 18-22;<br>Col. 7, lines 1-3;<br>Col. 7, lines 52-56;<br>Col. 9, lines 43-49;<br>'860 patent – prosecution history<br>Amendment of 12/11/2003 at 11. |
| | | | |
| "all wing [sic] a user to automatically access one of a plurality of net rk [sic] service providers" | Claims 1, 3, 4, 5, 6, 7, 9, 11, 13. | Proposed Construction - "permiting a user to automatically use **information from a data card to obtain entry to at least one entity that provides services that are accessible/reachable over any network, public or private**"<br><br>Intrinsic Evidence<br><br>'464 patent:<br><br>Claims 1 and 14; | Proposed Construction - "permitting a user to obtain entry to the computer systems of one of multiple network service providers, where such permission to access is established automatically by the user"<br><br>Intrinsic Evidence<br><br>'464 patent:<br><br>Col. 6, lines 58-67;<br>Col. 7, lines 52-56; |
| "allowing a user to automatically access one of a | Claims 14, 16, 17, 18, 19, 20, 22, 24. | | |

SMRH:406264540.1

| PATENT CLAIM TERM, PHRASE, OR CLAUSE | CLAIMS | PLAINTIFF'S PROPOSED CONSTRUCTION AND IDENTIFICATION OF INTRINSIC EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND IDENTIFICATION OF INTRINSIC EVIDENCE |
|---|---|---|---|
| plurality of network service providers" | | Col. 2, line 51 – col. 3, line 12;<br>Col. 4, line 60 – col. 5, line 13;<br><br>Judge Jacqueline H. Nguyen's Markman Order definition at page 17: 1-9 and 16-25;<br><br>Court of Appeals for the Federal Circuit defining "network." | Col. 7, line 67-col. 8, line 3;<br>Col. 8, lines 13-20. |
| | | | |
| "data card" | Claims 1, 3, 4, 5, 6, 7, 9, 11, 13, 14, 16, 17, 18, 19, 20, 22, 24. | Proposed Construction - "a card device carrying information that is used to obtain entry to a **network service provider, where the network is private or public**"<br><br>Intrinsic Evidence<br><br>'464 patent:<br><br>Claims 1 and 14;<br>Col. 2, line 51 – col. 3, line 12;<br>Col. 4, line 60 – col. 5, line 13;<br><br>Judge Jacqueline H. Nguyen's Markman Order definition at page 17: 1-9 and 16-25;<br><br>Court of Appeals for the Federal Circuit | Proposed Construction – "a card that is approximately the size of a credit card and stores electronic data on a microchip for use in a variety of applications."<br><br>Intrinsic Evidence<br><br>'464 patent:<br><br>Fig. 4;<br>Col. 1, lines 17-20;<br>Col. 7, lines 33-36;<br>Col. 8, lines 3-6. |

SMRH:406264540.1

| PATENT CLAIM TERM, PHRASE, OR CLAUSE | CLAIMS | PLAINTIFF'S PROPOSED CONSTRUCTION AND IDENTIFICATION OF INTRINSIC EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND IDENTIFICATION OF INTRINSIC EVIDENCE |
|---|---|---|---|
| | | defining "network." | |
| | | | |
| "a data card which contains the information specific to the user and/or the network service provider to be accessed" | Claims 1, 3, 4, 5, 6, 7, 9, 11, 13. | Proposed Construction - "a card device carrying information about a user and/or a network service provider that is used to obtain **entry to a network service provider, where the network is private or public**"<br><br>Intrinsic Evidence<br><br>'464 patent:<br><br>Claims 1 and 14;<br>Col. 2, line 51 – col. 3, line 12;<br>Col. 4, line 60 – col. 5, line 13;<br><br>Judge Jacqueline H. Nguyen's Markman Order definition at page 17: 1-9 and 16-25;<br><br>Court of Appeals for the Federal Circuit defining "network." | Proposed Construction – "the information is stored on the data card's microchip."<br><br>Intrinsic Evidence<br><br>'464 patent:<br><br>Fig. 4;<br>Col. 1, lines 17-20;<br>Col. 1, lines 37-44;<br>Col. 1, lines 49-51;<br>Col. 1, lines 56-58;<br>Col. 7, lines 34-38;<br>Col. 8, lines 3-6;<br>Col. 8, line 66 – col. 9, line 3. |
| "the information specific to the user and/or the network service provider to be accessed on a data card" | Claims 14, 16, 17, 18, 19, 20, 22, 24. | | |
| | | | |
| "adapted to be connected to a | Claims 1, 3, 4, 5, 6, 7, 9, 11, 13. | Proposed Construction - "suitable/capable of connecting to **an entity that provides services that are accessible/reachable** | Proposed Construction - "establishing a network connection when network service |

| PATENT CLAIM TERM, PHRASE, OR CLAUSE | CLAIMS | PLAINTIFF'S PROPOSED CONSTRUCTION AND IDENTIFICATION OF INTRINSIC EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND IDENTIFICATION OF INTRINSIC EVIDENCE |
|---|---|---|---|
| network" | | **over any network, public, or private**"<br><br><u>Intrinsic Evidence</u><br><br><u>'464 patent</u>:<br><br>Claims 1 and 14;<br>Col. 2, line 51 – col. 3, line 12;<br>Col. 4, line 60 – col. 5, line 13;<br><br>Judge Jacqueline H. Nguyen's Markman Order definition at page 17: 1-9 and 16-25;<br><br>Court of Appeals for the Federal Circuit defining "network." | provider access is required"<br><br><u>Intrinsic Evidence</u><br><br><u>'464 patent</u>:<br><br>Fig. 3;<br>Col. 4, lines 53-55;<br>Col. 7, lines 8-11;<br>Col. 7, lines 29-31;<br>Col. 8, lines 8-9. |
| | | | |
| "default access number" | Claims 1, 3, 4, 5, 6, 7, 9, 11, 13, 14, 16, 17, 18, 19, 20, 22, 24. | <u>Proposed Construction</u> - "a predesigned value or setting that is used by a computer program to select **a network service provider** when **a number that indicates a designated or selected network service provider** is not specified by the program user, where the network is public or private"<br><br><u>Intrinsic Evidence</u><br><br><u>'464 patent</u>: | <u>Proposed Construction</u> – "an access number used by the computer system when it is not instructed to use any other access number."<br><br><u>Intrinsic Evidence</u><br><br><u>'464 patent</u>:<br><br>Fig. 6;<br>Col. 3, lines 4-5;<br>Col. 5, lines 5-7;<br>Col. 7, lines 20-22;<br>Col. 7, lines 64-67; |

| PATENT CLAIM TERM, PHRASE, OR CLAUSE | CLAIMS | PLAINTIFF'S PROPOSED CONSTRUCTION AND IDENTIFICATION OF INTRINSIC EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND IDENTIFICATION OF INTRINSIC EVIDENCE |
| --- | --- | --- | --- |
| | | Claims 1 and 14;<br>Col. 2, line 51 – col. 3, line 12;<br>Col. 4, line 60 – col. 5, line 13;<br><br>Judge Jacqueline H. Nguyen's definition of "access number" from Markman Order pages 14-16;<br><br>Court of Appeals for the Federal Circuit defining "network." | Col. 8, lines 7-12. |
| | | | |
| "local access number" | Claims 1, 3, 4, 5, 6, 7, 9, 11, 13, 14, 16, 17, 18, 19, 20, 22, 24. | Proposed Construction - "an access number that is either an access number with corresponding location information or a network service provider"<br><br>Intrinsic Evidence<br><br>'464 patent:<br><br>Claims 1 and 14;<br>Col. 2, line 51 – col. 3, line 12;<br>Col. 4, line 60 – col. 5, line 13;<br><br>Judge Jacqueline H. Nguyen's definition of "access number" from Markman Order pages 14-16;<br><br>Court of Appeals for the Federal Circuit | Proposed Construction – "an access number, other than a default access number, that is specific to the locale of the user at the time the user attempts access."<br><br>Intrinsic Evidence<br><br>'464 patent:<br><br>Fig. 6;<br>Col. 3, lines 5-6;<br>Col. 5, lines 7-8;<br>Col. 7, lines 22-25;<br>Col. 8, lines 13-45. |

SMRH:406264540.1

| PATENT CLAIM TERM, PHRASE, OR CLAUSE | CLAIMS | PLAINTIFF'S PROPOSED CONSTRUCTION AND IDENTIFICATION OF INTRINSIC EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND IDENTIFICATION OF INTRINSIC EVIDENCE |
|---|---|---|---|
| | | defining "network." | |
| | | | |
| "a database containing a list of access numbers or the plurality of network service providers along with corresponding location information for each access number in the list" | Claims 1, 3, 4, 5, 6, 7, 9, 11, 13. | <u>Proposed Construction</u> - "a database with a list of access numbers with corresponding location information or network service providers with corresponding location information"<br><br><u>Intrinsic Evidence</u><br><br><u>'464 patent</u>:<br><br>Claims 1 and 14;<br>Col. 2, line 51 – col. 3, line 12;<br>Col. 4, line 60 – col. 5, line 13;<br><br>Judge Jacqueline H. Nguyen's definition of "access number" from Markman Order pages 14-16. | <u>Proposed Construction</u> – "a database with a list of local access numbers, including at least one local access number for each of multiple network service providers as well as geographic information separate, related, and in addition to each of the access numbers."<br><br><u>Intrinsic Evidence</u><br><br><u>'464 patent</u>:<br><br>Claims 1 and 14;<br>Fig. 6;<br>Col. 2, lines 28-33;<br>Col. 2, lines 39-46;<br>Col. 3, lines 6-9;<br>Col. 3, line 64 – col. 4, line 11;<br>Col. 4, lines 15-28;<br>Col. 5, lines 5-11;<br>Col. 7, lines 15-25;<br>Col 7, lines 64-67;<br>Col. 8, lines 21-45;<br>Col. 8, lines 53-65. |
| "a database containing a list of access numbers for the plurality of network service providers along with corresponding location information for each access number in the list" | Claims 14, 16, 17, 18, 19, 20, 22, 24. | | |

SMRH:406264540.1

| PATENT CLAIM TERM, PHRASE, OR CLAUSE | CLAIMS | PLAINTIFF'S PROPOSED CONSTRUCTION AND IDENTIFICATION OF INTRINSIC EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND IDENTIFICATION OF INTRINSIC EVIDENCE |
|---|---|---|---|
| "immediately triggered" | Claims 1, 3, 4, 5, 6, 7, 9, 11, 13. | Proposed Construction - "the application is launched in a short time/promptly after a data card is placed into a receiving recess of a data card reader"<br><br>Intrinsic Evidence<br><br>'464 patent:<br><br>Claims 1 and 14;<br>Col. 2, line 51 – col. 3, line 12;<br>Col. 4, line 60 – col. 5, line 13. | Proposed Construction – "triggered (or triggering) without any intervening event."<br><br>Intrinsic Evidence<br><br>'464 patent:<br><br>Fig. 1;<br>Fig. 2;<br>Col. 3, lines 10-11;<br>Col. 5, lines 12-13;<br>Col. 5, line 34;<br>Col. 6, lines 8-35. |
| "immediately triggering" | Claims 14, 16, 17, 18, 19, 20, 22, 24 | | |

SMRH:406264540.1

# Exhibit B

EXHIBIT B

SmartMetric v. MasterCard International Incorporated, et al.
Plaintiff's Proposed Claim Term Definitions

| | Patent Claim Terms | Definition | |
|---|---|---|---|
| 1 | "user" (claim 1 & 14) | "someone who uses the access systems and/or methods to access a **network service provider where the network is public or private**" | '464 Patent:<br>Claims 1 and 14;<br>Col. 2, line 51 – Col. 3, line 12;<br>Col. 4, line 60 – Col. 5, line 13;<br><br>Court of Appeals for the Federal Circuit defining "network." |
| 2 | "allowing a user to automatically access one of a plurality of network service providers" (claim 1); allowing a user to automatically access one of a plurality of network service providers" (claim 14) | "permitting a user to automatically use **information from a data card to obtain entry to at least one entity that provides services that are accessible/reachable over any network, public or private**" | '464 Patent:<br>Claims 1 and 14;<br>Col. 2, line 51 – Col. 3, line 12;<br>Col. 4, line 60 – Col. 5, line 13;<br><br>Judge Jacqueline H. Nguyen's Markman Order definition at page 17: 1-9 and 16-25;<br><br>Court of Appeals for the Federal Circuit defining "network." |
| 3 | "data card" (claims 1& 14) | "a card device carrying information that is used to obtain entry to a **network service provider, where the network is private or public**" | '464 Patent:<br>Claims 1 and 14;<br>Col. 2, line 51 – Col. 3, line 12;<br>Col. 4, line 60 – Col. 5, line 13;<br><br>Judge Jacqueline H. Nguyen's Markman Order definition at page 17: 1-9 and 16-25; |

| | | | |
|---|---|---|---|
| | | | Court of Appeals for the Federal Circuit defining "network." |
| 4 | "a data card which contains the information specific to the user and/or the network service provider to be accessed" (claim 1); "the information specific to the user and/or the network service provider to be accessed contained on a data card" (claim 14) | "a card device carrying information about a user and/or a network service provider that is used to obtain **entry to a network service provider, where the network is private or public**" | '464 Patent:<br>Claims 1 and 14;<br>Col. 2, line 51 – Col. 3, line 12;<br>Col. 4, line 60 – Col. 5, line 13;<br><br>Judge Jacqueline H. Nguyen's Markman Order definition at page 17: 1-9 and 16-25;<br><br>Court of Appeals for the Federal Circuit defining "network." |
| 5 | "adapted to be connected to a network" (claim 1) | "suitable/capable of connecting to **an entity that provides services that are accessible/reachable over any network, public, or private**" | '464 Patent:<br>Claims 1 and 14;<br>Col. 2, line 51 – Col. 3, line 12;<br>Col. 4, line 60 – Col. 5, line 13;<br><br>Judge Jacqueline H. Nguyen's Markman Order definition at page 17: 1-9 and 16-25;<br><br>Court of Appeals for the Federal Circuit defining "network." |
| 6 | "default access number" (claims 1 & 14) | "a predesigned value or setting that is used by a computer program to select **a network service provider** when **a number that indicates a designated or selected network service provider** is not specified by the program user, where the network is public or private" | '464 Patent:<br>Claims 1 and 14;<br>Col. 2, line 51 – Col. 3, line 12;<br>Col. 4, line 60 – Col. 5, line 13;<br><br>Judge Jacqueline H. Nguyen's definition of "access number" from Markman Order pages |

| | | | |
|---|---|---|---|
| | | | 14-16;<br><br>Court of Appeals for the Federal Circuit defining "network." |
| 7 | "local access number" (claims 1 & 14) | "an access number that is either an access number with corresponding location information or a network service provider" | '464 Patent:<br>Claims 1 and 14;<br>Col. 2, line 51 – Col. 3, line 12;<br>Col. 4, line 60 – Col. 5, line 13;<br><br>Judge Jacqueline H. Nguyen's definition of "access number" from Markman Order pages 14-16;<br><br>Court of Appeals for the Federal Circuit defining "network." |
| 8 | "a database containing a list of access numbers or the plurality of network service providers along with corresponding location information for each access number in the list" (claim 1); "a database containing a list of access numbers for the plurality of network service providers along with corresponding location information for each access number in the list" (claim 14) | "a database with a list of access numbers with corresponding location information or network service providers with corresponding location information" | '464 Patent:<br>Claims 1 and 14;<br>Col. 2, line 51 – Col. 3, line 12;<br>Col. 4, line 60 – Col. 5, line 13;<br><br>Judge Jacqueline H. Nguyen's definition of "access number" from Markman Order pages 14-16. |

| | | | |
|---|---|---|---|
| 9 | "immediately triggered" (claim 1); "immediately triggering" (claim 14) | "the application is launched in a short time/promptly after a data card is placed into a receiving recess of a data card reader" | '464 Patent:<br>Claims 1 and 14;<br>Col. 2, line 51 – Col. 3, line 12;<br>Col. 4, line 60 – Col. 5, line 13. |

"access number" = "**a number that indicates a designated or selected network service provider**"

- Judge Jacqueline H. Nguyen's definition from Order RE: Markman Claim Construction Hearing, case no. 10-CV-1864

"network" = "**more than one entity that provides services that are accessible/reachable over any network, public, or private**"

- Court of Appeals for the Federal Circuit's definition

"gain access" = "**information from a data card is used to obtain entry to a network service provider**"

- Judge Jacqueline H. Nguyen's definition from Order RE: Markman Claim Construction Hearing, case no. 10-CV-1864

"insertion into" = "**the data card is physically inserted into a recess of the data card reader**"

- Judge Jacqueline H. Nguyen's definition from Order RE: Markman Claim Construction Hearing, case no. 10-CV-1864