1    Joseph Melnik (State Bar No. 255601)
     jmelnik@jonesday.com
2    JONES DAY
     1755 Embarcadero Road
3    Palo Alto, CA 94303
     Telephone:   (650) 739-3939
4    Facsimile:    (650) 739-3900

5    Attorneys for Defendant and Counterclaimant
     Visa Inc.

6
     Gary A. Clark (State Bar No. 65455)
7    gclark@sheppardmullin.com
     SHEPPARD MULLIN RICHTER & HAMPTON LLP
8    333 South Hope Street, 43rd Floor
     Los Angeles, CA 90071-1422
9    Telephone:   (213) 620-1780
     Facsimile:    (213) 620-1398

10   Attorneys for Defendant and Counterclaimant
     MasterCard International Incorporated
11

12   Patrick F. Bright (State Bar No. 68709)
     pbright@patentattorney.us
13   WAGNER, ANDERSON & BRIGHT PC
     3541 Ocean View Boulevard
14   Glendale, CA  91208
     Telephone:   (818) 249-9300
15   Facsimile:    (818) 249-9335

16   Attorneys for Plaintiff and Counter-Defendant
     SmartMetric, Inc.

17   Additional Counsel Listed On Signature Page

18

19              UNITED STATES DISTRICT COURT

20              CENTRAL DISTRICT OF CALIFORNIA

21                   WESTERN DIVISION

22   **SMARTMETRIC, INC.,**                  Case No. CV 11-07126 MWF
                                             (AJWx)
23              **Plaintiff,**
                                             **STIPULATED PROTECTIVE
24        **v.**                             ORDER**

25   **MASTERCARD INTERNATIONAL**            Judge:  Hon. Andrew J. Wistrich
     **INC. AND VISA INC.,**                 Place:  690, Roybal
26
                **Defendants.**
27

28   **AND RELATED COUNTERCLAIMS.**

## STIPULATED PROTECTIVE ORDER

The production of documents and other disclosure of information in this litigation shall be subject to the requirements and obligations set forth herein and in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

### DEFINITIONS

1. "Party" shall mean: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2. "Disclosure or Discovery Material" shall mean: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3. "CONFIDENTIAL" shall mean: any Party's or non-party's confidential and nonpublic information, such as, but not limited to, personnel records, customer lists, and market surveys, the disclosure of which the Producing Party and/or the non-party contends could cause harm to the business operations of the Producing Party and/or the non-party, or provide improper advantage to others, and that is not otherwise marked or designated by the Producing Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall mean: any Party's and any non-party's highly confidential and proprietary business, commercial, competitive, financial, marketing, sales, and technical information, such as, but not limited to, the details of commercial relationships between the Producing Party and its customers, strategic plans regarding the future development and commercialization of products, and proprietary technical specifications.

5. "Receiving Party" shall mean: a Party that receives Disclosure or Discovery Material from a Producing Party.

6. "Producing Party" shall mean: a Party or non-party that produces

Protective Order
Case No. CV 11-07126-MWF (AJWx)

1    Disclosure or Discovery Material in this action.

2         7.    "Designating Party" shall mean: a Party or non-party that designates

3    information or items that it produces in disclosures or in responses to discovery as

4    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5    ONLY."

6         8.    "Protected Material" shall mean: any Disclosure or Discovery Material

7    that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

8    ATTORNEYS' EYES ONLY."

9         9.    "Outside Counsel" shall mean: attorneys and their support staff who

10   are not employees of a Party but who are retained to represent or advise a Party in

11   this action.

12        10.   "In-House Counsel" shall mean: attorneys and their support staff who

13   are employees of a Party.

14        11.   "Counsel" (without qualifier) shall mean: Outside Counsel and In-

15   House Counsel, as well as their respective support staff.

16        12.   "Expert" shall mean: a person with specialized knowledge or

17   experience in a matter pertinent to the litigation who has been retained by a Party or

18   its Counsel to serve as an expert witness or as a consultant in this action, along with

19   that person's staff.  This definition includes a professional jury or trial consultant

20   retained in connection with this litigation.  Pursuant to Section 6 below, an Expert

21   must become a "Qualified Expert" in order to view or access material designated as

22   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23   ONLY."

24        13.   "Professional Vendor" shall mean: Persons or entities that provide

25   litigation support services (e.g., photocopying; videotaping; translating; preparing

26   exhibits or demonstrations; organizing, storing, or retrieving data in any form or

27   medium; etc.) and their employees and subcontractors.

28

- 2 -

**1.   SCOPE**

The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

**2.   DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**3.   DESIGNATING PROTECTED MATERIAL**

3.1   Manner and Timing of Designations

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be so designated before the material is disclosed or produced.  Designation in conformity with this Order requires the following:

(a)   For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" conspicuously on each page that contains Protected Material.  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  After the inspecting Party has identified the documents it would like copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") conspicuously on

**Protective Order**
**Case No. CV 11-07126-MWF (AJWx)**

each page that contains Protected Material.  With respect to any electronic documents that the Producing Party produces in native form, the Producing Party will not be required to affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each native page that contains Protected Material, but instead shall be required only to affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") conspicuously on each page of the corresponding non-native version of the produced document.

(b)     For testimony given during a deposition or other pretrial or trial proceeding, each Party and/or each Party's Counsel present during the giving of such testimony may identify testimony that it seeks to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Once identified as such, this material shall be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and immediately treated as such under the provisions of this Protective Order.  Each Party additionally may have up to 30 days after receipt of the official transcript of the given testimony to identify any material that it seeks to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY."  The Party seeking such protection shall so notify the other Party in writing and identify the portions of the testimony for which protection is sought. Once identified, both Parties shall treat such material in accordance with the provisions in this Protective Order.

(c)     For information produced in some form other than documentary, and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the

- 4 -

1  protected portions, specifying whether they qualify as "CONFIDENTIAL" or as

2  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3           3.2     Inadvertent Failures to Designate

4           If the Designating Party, within a reasonable time after producing documents

5  to the Receiving Party, discovers an inadvertent failure to designate qualified

6  information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

7  ATTORNEYS' EYES ONLY," the Designating Party will not be deemed to have

8  waived its right to secure protection under this Order for such material.  The

9  Designating Party shall, within a reasonable time, identify in writing to the

10  Receiving Party such materials or items the Designating Party seeks to designate

11  with the corrected level of protection indicated for those materials or items.  Upon

12  receipt of such written notification, the Receiving Party shall make reasonable

13  efforts to assure that the material is treated in accordance with the provisions of this

14  Order.

15           3.3     Clawback Procedures

16           The inadvertent disclosure of a document that a Producing Party and/or a

17  non-party believes constitutes, contains, or reflects information protected by the

18  attorney-client privilege, the work product doctrine, or any other privilege or

19  immunity from discovery ("Privileged Document") shall not constitute a waiver or

20  estoppel with respect to such Privileged Document.  In the event of such

21  inadvertent disclosure of a Privileged Document, the Producing Party may at any

22  time provide written notice to the parties receiving a Privileged Document

23  requesting that all copies of such Privileged Document(s) be returned to the

24  Producing Party.  Within a reasonable time of the Producing Party providing such

25  written notice, the Producing Party shall also provide a privilege log for each such

26  Privileged Document, including the privilege(s) claimed for each document and a

27  description of each document.  All parties receiving such written notice shall

28  immediately destroy or return all originals and copies of the Privileged

**Protective Order**
**Case No. CV 11-07126-MWF (AJWx)**

1 Document(s) described in the notice, including the deletion of such material from
2 any litigation-support or other database; shall destroy all notes or other work
3 product reflecting the contents of the Privileged Document(s); and shall not use
4 such Privileged Document(s) or any information copied or extracted therefrom;
5 provided, however, that any party receiving such notice, after returning the
6 Privileged Document, may, within fifteen (15) court days after receiving such
7 notice, and on reasonable notice to all other parties and based on a ground other
8 than the inadvertent production of such document, move for an order challenging
9 the claim of privilege for such document.  In making such a motion, the moving
10 party shall not disclose the content of the Privileged Document(s) at issue or any
11 information copied or extracted therefrom, except as ordered by the Court.

12 **4.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

13 4.1   Timing of Challenges

14 Unless a prompt challenge to a Designating Party's confidentiality
15 designation is necessary to avoid foreseeable substantial unfairness, unnecessary
16 economic burdens, or a later significant disruption or delay of the litigation, a Party
17 does not waive its right to challenge a confidentiality designation by electing not to
18 pursue a challenge promptly after the original designation is disclosed.

19 4.2   Meet and Confer

20 A Party that elects to initiate a challenge to a Designating Party's
21 confidentiality designation must do so in good faith and must begin the process by
22 conferring with counsel for the Designating Party.  In conferring, the challenging
23 Party must explain the basis for its belief that the confidentiality designation was
24 not proper and must give the Designating Party an opportunity to review the
25 designated material, to reconsider the circumstances, and, if no change in
26 designation is offered, to explain the basis for the chosen designation.  A
27 challenging Party may proceed to the next stage of the challenge process only if it
28 has engaged in this meet and confer process first.

- 6 -

**Protective Order**
**Case No. CV 11-07126-MWF (AJWx)**

**5.    ACCESS TO AND USE OF PROTECTED MATERIAL**

5.1    Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 10 of this Protective Order, "Final Disposition."

5.2    Disclosure of "CONFIDENTIAL" Information

Unless otherwise ordered by the Court upon good cause shown or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel in this action and employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees, including In-House Counsel, of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)    Experts (1) to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment and Agreement to Be Bound attached as Exhibit A ("Agreement to Be Bound"), and (2) who have become a Qualified Expert pursuant to the procedures set forth in Section 6;

(d)    the Court and its personnel;

(e)    court reporters, their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f)    during (or in preparation for) their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the

- 7 -

1    Agreement to Be Bound; and

2            (g)    the author of the designated document or the original source of

3    the information, any person to whom such "CONFIDENTIAL" information was

4    previously communicated, or any person to whom disclosure was in fact made

5    during the regular course of business.

6            5.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'

7    EYES ONLY" Information

8            Unless otherwise ordered by the Court upon good cause shown, or permitted

9    in writing by the Designating Party, a Receiving Party may only disclose

10   information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

11   EYES ONLY" to:

12           (a)    the Receiving Party's Outside Counsel in this action and

13   employees of said Outside Counsel to whom it is reasonably necessary to disclose

14   the information for this litigation;

15           (b)    Experts (1) to whom disclosure is reasonably necessary for this

16   litigation, (2) who have signed the Agreement to Be Bound, and (3) become a

17   Qualified Expert pursuant to the procedures set forth in Section 6;

18           (c)    the Court and its personnel;

19           (d)    court reporters, their staffs, and Professional Vendors to whom

20   disclosure is reasonably necessary for this litigation; and

21           (e)    the author of the designated document or the original source of

22   the information, any person to whom such "HIGHLY CONFIDENTIAL –

23   ATTORNEYS' EYES ONLY" information was previously communicated, or any

24   person to whom disclosure was in fact made during the regular course of business.

25   **6.    QUALIFICATION OF EXPERTS**

26           6.1    Procedure and Requirements for Qualification

27           Unless otherwise ordered by the court or agreed in writing by the

28   Designating Party, an Expert must become authorized to view any materials

1   designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

2   ATTORNEYS' EYES ONLY" (i.e., a "Qualified Expert").  To become a Qualified

3   Expert, the Party retaining the Expert (the "Retaining Party") must provide to any

4   other Party (1) the full name of the Expert and the city and state of his or her

5   primary residence, (2) a copy of the Expert's current curriculum vitae, (3)

6   disclosure of any previous or current relationship (personal or professional) with

7   any of the Parties; and (4) a signed copy of the Agreement to be Bound.

8           6.2    Objections to Qualification

9        A Party (the "Objecting Party") that receives a request to qualify an Expert

10  pursuant to Section 6.1 shall have five (5) court days from receipt of all information

11  required in Section 6.1 to object in writing to an Expert becoming a Qualified

12  Expert under Section 6.1.  Any such objection must set forth in detail the grounds

13  on which it is based.  After the expiration of the 5-day period, if no objection has

14  been asserted, the Expert will become a Qualified Expert.

15          6.3    Procedure for Responding to Objections for Qualification

16       If an objection is timely asserted, the Retaining Party must meet and confer

17  with the Objecting Party to attempt to resolve the matter by agreement.  If no

18  agreement is reached, the Retaining Party may file a motion pursuant to Civil Local

19  Rule 37 (and in compliance with Civil Local Rule 79-5.1, if applicable) seeking

20  permission from the court to qualify the Expert under Section 6.1.

21  **7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED**

22         **PRODUCED IN OTHER LITIGATION**

23       If a Receiving Party is served with a subpoena or an order issued in other

24  litigation that seeks disclosure of any information or items designated by the

25  Producing Party in this action as "CONFIDENTIAL" or "HIGHLY

26  CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so

27  notify the Producing Party in writing promptly upon learning that the subpoena or

28  order seeks disclosure of such information or items.  Such notification must include

- 9 -
**Protective Order**
**Case No. CV 11-07126-MWF (AJWx)**

1  a copy of the subpoena or court order.  The Receiving Party also must immediately

2  inform in writing the Party who caused the subpoena or order to issue in the other

3  litigation that some or all of the material covered by the subpoena or order is the

4  subject of this Protective Order.  In addition, the Receiving Party must deliver a

5  copy of this Stipulated Protective Order promptly to the Party in the other action

6  that caused the subpoena or order to issue.  The purpose of imposing these duties is

7  to alert the interested parties to the existence of this Protective Order and to afford

8  the Designating Party in this case an opportunity to try to protect its confidentiality

9  interests in the court from which the subpoena or order issued.  The Designating

10  Party shall bear the burdens and the expenses of seeking protection in that court of

11  its confidential material, and nothing in these provisions should be construed as

12  authorizing or encouraging a Receiving Party in this action to disobey a lawful

13  directive from another court.

14  **8.     UNAUTHORIZED DISCLOSURE OF PROTECTED**

15  **MATERIAL**

16      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

17  Protected Material of the Producing Party to any person or in any circumstance not

18  authorized under this Protective Order, the Receiving Party must immediately (a)

19  notify in writing the Designating Party of the unauthorized disclosures, (b) use its

20  best efforts to retrieve all copies of the Protected Material, (c) inform the person or

21  persons to whom unauthorized disclosures were made of all the terms of this Order,

22  and (d) request such person or persons to execute the Agreement to Be Bound.

23  **9.     FILING PROTECTED MATERIAL**

24      Without written permission from the Designating Party or a court order

25  secured after appropriate notice to all interested persons, a Party may not file in the

26  public record in this action any Protected Material.  A Party that seeks to file under

27  seal any Protected Material must comply with Civil Local Rule 79-5.1.

28

**Protective Order**
**Case No. CV 11-07126-MWF (AJWx)**

**10.    FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy all Protected Material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that confirms all Protected Material was  returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material or any information copied or extracted therefrom. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence and attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 2 of this Protective Order, "Duration."

**11.    GOOD CAUSE STATEMENT**

Rule 26(c) of the Federal Rules of Civil Procedure permits a court, for good cause, to issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).  Good cause exists to issue a protective order where a party shows (a) that the information constitutes a trade secret or other confidential information contemplated by Rule 26(c), and (b) that disclosing the information would be harmful to the party's interest in the property. *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 554-55 (C.D. Cal. 2007).  The Parties agree that good cause exists to protect their "CONFIDENTIAL"

**Protective Order**
**Case No. CV 11-07126-MWF (AJWx)**

and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in the manner set forth above.  Absent the protections afforded under this Protective Order, the Parties would suffer serious competitive injury from the disclosure of their sensitive and proprietary information.

**12.   MISCELLANEOUS**

11.1   Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2   Right to Assert Other Objections

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.


**IT IS SO ORDERED.**


Dated:  2/7/13                                      /s/ Andrew J. Wistrich
                                                   The Honorable Andrew J. Wistrich
                                                   U.S. Magistrate Judge

**Protective Order
Case No. CV 11-07126-MWF (AJWx)**

1    List of Additional Counsel

2    Iman Lordgooei (State Bar No. 251320)
     ilordgooei@jonesday.com
3    JONES DAY
     1755 Embarcadero Road
4    Palo Alto, CA  94303
     Telephone:   (650) 739-3939
5    Facsimile:   (650) 739-3900

6
     Steven J. Corr (State Bar No. 216243)
7    sjcorr@jonesday.com
     Alexis A. Houle (State Bar No. 274429)
8    ahoule@jonesday.com
     JONES DAY
9    555 South Flower Street, 50th Floor
     Los Angeles, CA  90071-2300
10   Telephone:   (213) 489-3939
     Facsimile:   (213) 243-2539

11
     Attorneys for Defendant and Counterclaimant
12   Visa Inc.

13   Darren M. Franklin (State Bar No. 210939)
     dfranklin@sheppardmullin.com
14   Dennis J. Smith (State Bar No. 233842)
     dsmith2@sheppardmullin.com
15   SHEPPARD MULLIN RICHTER & HAMPTON LLP
     333 South Hope Street, 43rd Floor
16   Los Angeles, CA 90071-1422
     Telephone:   (213) 620-1780
17   Facsimile:   (213) 620-1398

18   Attorneys for Defendant and Counterclaimant
     MasterCard International Inc.

19

20

21

22

23

24

25

26

27

28

**Protective Order
                                     Case No. CV 11-07126-MWF (AJWx)**

1

## <u>EXHIBIT A</u>

2

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3      I, _____ [print or type full name], of

4  _____ [print or type full address], declare under penalty of perjury

5  that I have read in its entirety and understand the Stipulated Protective Order that

6  was issued by the United States District Court for the Central District of California

7  on _____[date]  in the case of *SmartMetric, Inc. v. Mastercard*

8  *Int'l Inc. and Visa Inc.*, Case No. 11-07126 MWF (FMOx).  I agree to comply with

9  and to be bound by all the terms of this Stipulated Protective Order and I

10  understand and acknowledge that failure to so comply could expose me to sanctions

11  and punishment in the nature of contempt.  I solemnly promise that I will not

12  disclose in any manner any information or item that is subject to this Stipulated

13  Protective Order to any person or entity except in strict compliance with the

14  provisions of this Stipulated Protective Order.

15      I further agree to submit to the jurisdiction of the United States District Court

16  for the Central District of California for the purpose of enforcing the terms of this

17  Stipulated Protective Order, even if such enforcement proceedings occur after

18  termination of this action.

19

20  Date: _____

21  City and State where sworn and signed: _____

22  Printed name: _____

23  Signature: _____

24

25

26

27

28

**Protective Order**
**Case No. CV 11-07126-MWF (AJWx)**