Patrick F. Bright (State Bar No. 68709)
**WAGNER, ANDERSON & BRIGHT PC**
3541 Ocean View Boulevard
Glendale, California 91208
Telephone: (818) 249-9300
Facsimile: (818) 249-9335
E-Mail: pbright@brightpatentlaw.com

*Attorneys for Plaintiff SmartMetric, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMARTMETRIC, INC., | Case No.  11-CV-7126 MWF (AJWx) |
| Plaintiff, | SMARTMETRIC INC.'S OPPOSITION TO DEFENDANTS' JOINT EX PARTE APPLICATION TO EXCLUDE THE REPORT AND DECLARATION OF PLAINTIFF'S EXPERT EDWARD GUSSIN FILED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT OF U.S. PATENT 6,792,464 CLAIMS 1, 5-7, 11, AND 13, AND FOR DISMISSAL WITH PREJUDICE OF THE ANTICIPATION AFFIRMATIVE DEFENSE |
| v. | |
| MASTERCARD INTERNATIONAL INCORPORATED AND VISA INC., | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | Date: April 15, 2013 |
| | Time: 10:00 a. m. |
| | Place: 1600 Spring, Court of District Judge Michael W. Fitzgerald |

**SmartMetric Inc.'s Opposition of Ex Parte Application**

# TABLE OF CONTENTS

I.      INTRODUCTION..................................................................2

II.     TEXT OF FRCP RULE 37( c ) AND THE REASONS ITS RELIEF
        PROVISIONS APPLY HERE.................................................3

III.    UNDER FRCP RULE 37(C) (1), THE CONTROLLING
        AUTHORITY, THIS COURT SHOULD DENY
        DEFENDANTS' APPLICATION; PLAINTIFF'S SHORT DELAY
        IN PROVIDING THE GUSSIN REPORT WAS SUBSTANTIALLY
        JUSTIFIED AND IS HARMLESS...........................................7

IV.     DEFENDANTS DO NOT ASSERT ANY PREJUDICE /HARM
        AND DO NOT SEEK TO JUSTIFY WITHHOLDING THE KEY
        DOCUMENTS.................................................................16

V.      CONCLUSION...............................................................17

# TABLE OF AUTHORITIES

## CASES

*Abb Air Preheater, Inc. v. Regenerative Environmental Equipment Co., Inc.,*
    167 F.R.D. 668, 673 (D.N.J. 1996)..................................13

*Alder v. Fed. Repub. Of Nigeria,* 219 F.3d 869, 876-77 (9th Cir. 200)..............15

*Benedict v. Zimmer, Inc.,* 232 F.R.D. 305, 317 (N.D. Iowa 2005)....................17

*Ellenburg v. Brockway, Inc.,* 763 F.2d 1091, 1097 (9th Cir. 1985).................14

*Glass Dimensions, Inc. ex rel. v. State Street Bank & Trust co.,*
    2013 WL 144250 (D. Mass. 2013)....................................4

*Insignia Systems, Inc. v. News America Marketing In-Store, Inc.,*
    661 F. Supp. 2d 1039 (D. Minn. 2009)...............................16

*Johnson v. Yellow Cab Transit Co.,* 321 US 383, 387 (1944).........................14

*Keystone Driller Co. v. General Excavator Co.,* 290 US 240, 245 (1933)..........14

*Maharaj v. California Bank & Trust,* 2013 WL 178335 (E.D.Cal. 2013) ...........8

*Morel v. Daimler-Chrysler,* 259 F.R.D. 17, 21-22 (D. Puerto Rico 2009) .....11, 12

*Pineda v. City & Cnty. Of San Francisco,*
    280 F. R. D. 517, 523 (N. D. Cal. 2012)..............................17

*Precision Inst. Mfg. Co. v. Automotive Maintenance Mach. Co.,*
    324 US 806, 814 (1945).............................................14

*Republic Molding Corp. v. B.W. Photo Utilities,*
    319 F.2d 347, 349 (9th Cir. 1963)..................................14

*Samos Imex Corp v. Nextel Communications, Inc.,*
    194 F.3d 301, 305 (1st Cir. 1999)..................................13

*Sancom, Inc. v. Qwest Communications Corp.,*
    183 F. Supp. 2d. 1043 (D.S.D. 2010)……………………………………15

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005)………….16

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,*
    259 F.3d 1101, 1106-07 (9th Cir. 2001)…………………………………...16

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 26(a) or (e) ...………………………………………………..passim

Fed. R. Civ. P. 37(c) …………………………………………………........passim

# I. INTRODUCTION

Plaintiff Smartmetric, Inc. ("Plaintiff") opposes the ex parte application of Defendants MasterCard and VISA to exclude the March 1, 2013, report of Plaintiff's expert Edward Gussin on the infringement and validity issues, and Mr. Gussin's declaration filed on March 11, 2013, with, and in support of, Plaintiff's motion for partial summary judgment of infringement of claims 1, 5-7, 11 and 13 of Plaintiff's U. S. patent 6,792,464 (the "'464 Patent") in suit, and to dismiss with prejudice Defendants' affirmative defense of anticipation. The Court should deny this application.

Plaintiff's counsel did serve the report of plaintiff's infringement expert, Edward Gussin, after the date set by the Court's scheduling order for doing so. However, FRCP Rule 37( c )does not allow exclusion of Gussin's expert report, or Gussin's expert declaration in support of Plaintiff's motion for summary judgment, because that Rule prohibits exclusion where the failure to timely designate the expert or serve his report, pursuant to FRCP Rule 26, was "substantially justified or is harmless". This is not a case of nondisclosure, just a case of short delay in serving the expert report, when the case is still in the discovery phase, and months from trial.

Plaintiff's delay in serving Gussin's expert report is "substantially justified", because Defendants made it impossible for Gussin to complete his analysis or report by the date in the Court's scheduling order. Defendants delayed 7 months (until February 13, 2013—which was after the date set by the Court's scheduling order for serving expert reports) before Defendants produced to Plaintiff the documents showing how Defendants' system functioned, though Plaintiff's counsel had served a timely Rule 34 Request for Production of those documents, in

**SmartMetric Inc.'s Opposition of Ex Parte Application**

June 2012. Gussin could not complete his analysis or report without having Defendants' documents showing how Defendants' system functioned.

In addition to being "substantially justified", Plaintiff's delay in serving Gussin's Report is "harmless", because this case is still in the discovery phase, is months from trial, and Defendants are taking Gussin's declaration on March 27, 2013 (Bright Decl). Plaintiff's counsel had offered to continue hearing on Plaintiff's motion for summary judgment, if Defendants wanted additional time to respond to that motion, after taking Gussin's deposition, even before the Court took Plaintiff's motion for partial summary judgment off calendar. (Bright Decl, para. 1).

Moreover, even where a delay in serving an expert report is not substantially justified, Rule 37( c ) subsections (A), (B) and (C) provide for lesser sanctions than exclusion of the expert witness, e.g., a trial continuance. Patent cases require an expert on infringement. Excluding Plaintiff's expert on infringement for the short delay in serving the expert report would be equivalent to granting summary judgment against Plaintiff, and would be reversible error.

## II. TEXT OF FRCP RULE 37( c ) AND THE REASONS ITS RELIEF PROVISIONS APPLY HERE

Granting Defendants' application would cause irreparable harm to Plaintiff because of the technical nature of the infringing systems/methods, and the jury's need to hear and understand this technical material in layman's terms. For that reason, Plaintiff asks this Court to deny Defendants' application, permit Mr. Gussin to remain in the case, and, if any sanction is to be imposed, to adopt a lesser sanction than exclusion, e.g., a trial continuance, as Fed. R. Civ. P. Rule 37 (c), the controlling authority, reading as follows, contemplates:

SmartMetric Inc.'s Opposition of Ex Parte
Application

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified OR is harmless. In addition to or instead of this sanction, the court, on motion, and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37 (b)(2)(i)-(vi)."

See *Glass Dimensions, Inc. ex rel. v. State Street Bank & Trust co.,* 2013 WL 144250 (D. Mass. 2013) (Proper sanction for retirement plan fiduciary's untimely disclosure of affirmative expert report, in ERISA action for breach of fiduciary against investment-fund managers, was to give managers one month to supplement one of their expert reports to reply to untimely report, where fiduciary did not offer substantial justification for its untimely disclosure, there was not history of litigation abuse by fiduciary and no indication that fiduciary acted in bad faith, and case was complex and relied heavily on financial data and calculations.)

Defendants' conduct made it impossible for Plaintiffs to serve expert Gussin's report on defendants, by the deadline set by the Court's scheduling order, because Defendants withheld the documents regarding how Defendants' system functions, until AFTER that deadline.

Despite the fact that Plaintiff had in June 2012, served a proper Rule 34 Request to Produce Documents, to get from Defendants the documents regarding how Defendants' system functioned, Defendants improperly delayed producing those documents, for 7 MONTHS after those documents were due.

Defendants did not produce any of the documents requested, regarding how Defendants' systems functioned, until February 13, 2013. Defendants did not complete producing documents until March 12, 2013. As Expert Gussin's Declaration hereto attests, Gussin could not complete his expert opinion until Gussin examined Defendants' documents regarding how Defendants' system functioned, which Defendants did not produce until February 13, 2013, despite Plaintiff's counsel Bright having timely requested those documents in June 2012. Mr. Gussin's report and declaration are based, in very important part, on documents first produced to Plaintiff by Defendants VISA and MasterCard in mid-February, 2013. (Gussin Decl, paras 1 & 2). Defendants delayed producing the documents regarding how Defendants' system worked, from June 2012 until February 13, 2013, by spending months fighting over what terms should be in a protective order regarding defendants' documents. (Bright Decl, para.2). First there was Defendants' motion practice re protective order terms before Magistrate Judge Olguin, who adopted Plaintiff's position. (Bright Decl. para. 2). Then there was Defendants' motion practice before Magistrate Judge Wistrich, who reversed Judge Olguin. The Protective Order was not entered until February 8, 2013. (Bright Decl. at ¶ 2.) Defendants refused to produce any documents earlier than February 13, 2013, despite Plaintiff's counsel Bright having offered, in writing, to hold those documents in strict confidence pending resolution of the protective order dispute. Bright Decl. at ¶ 3. Contrary to Defendants' assertions, these documents are crucial

SmartMetric Inc.'s Opposition of Ex Parte Application

and indispensable to Plaintiff's burden to prove up liability and damages in the case.

Mr. Gussin's report and declaration are based, in important part, on documents first produced to Plaintiff by Defendants VISA and MasterCard in mid-February, 2013, following a prolonged dispute over a protective order, first before Magistrate Judge Olguin, who adopted Plaintiff's arguments, then before Magistrate Judge Wistrich, who reversed Judge Olguin. Entry of this order took place on February 8, 2013. Bright Declaration ("Bright Decl.") at ¶ 2. Defendants then produced over 1.5 million documents we had requested under Rule 34 in June, 2012, beginning on February 13, 2013. We received the last of these documents, on the damages issue, on March 12, 2013. Defendants refused to produce any of them earlier, despite my commitment to hold them in strict confidence pending resolution of the protective order dispute. Bright Decl. at ¶ 3.

Contrary to Defendants' assertions, these documents are crucial and indispensable to Plaintiff's burden to prove up liability and damages in the case. Defendants' experts on the infringement and validity issues cite to many of these withheld documents in their reports. Bright Decl. at ¶ 5 and Gussin Declaration ("Gussin Decl.") at ¶¶ 2-3. Of course, Defendants' experts had these documents for their use in December, 2012, while Defendants withheld them from Plaintiff until mid-February, 2013, knowing that Plaintiff needed them to prepare its expert reports. Bright Decl. at ¶ 6 and Gussin Decl. at ¶ 4. Then, Defendants buried the key documents in their mid-February, 2013, document production of over 1.5 million pages, obviously hoping to conceal the documents that prove liability, in particular.

Mr. Gussin and I had to work long hours to look through this giant haystack of documents, find the key documents, and prepare his report. Bright decl. at ¶ 4

**SmartMetric Inc.'s Opposition of Ex Parte Application**

and Gussin decl. at ¶ 2. We did all this work in just two weeks. Mr. Gussin's report and his declaration crystallize the key infringement and anticipation issues for the Court and for Defendants, providing Defendants with a full, clear basis for deposing Mr. Gussin on March 27, 2013. Thus, despite Defendants' withholding production of the key documents until mid-February, 2013, and then burying them in a mountain of over 1.5 million documents, we have given Defendants all the information they need to timely depose our expert and timely oppose our motion. As a result, there is no prejudice to Defendants.

Enclosed is Mr. Gussin's declaration attesting to the indispensable importance to his analysis of the key documents that Defendants withheld, and to the extraordinary efforts needed to find these documents in Defendants' mountainous document production of mid-February, 2013. Gussin Decl. at ¶¶ 2-3. Also enclosed is my declaration recounting the relevant events and identifying the relevant documents, showing how we have acted quickly to find the key documents, prepare the necessary report, and apprise Defendants fully on our findings and analysis. Bright Decl. at ¶¶ 2-6.

**III. UNDER FRCP RULE 37(C) (1), THE CONTROLLING AUTHORITY, THIS COURT SHOULD DENY DEFENDANTS' APPLICATION; PLAINTIFF'S SHORT DELAY IN PROVIDING THE GUSSIN REPORT WAS SUBSTANTIALLY JUSTIFIED AND IS HARMLESS**

Defendants' application does not attach my February 28, 2013, email to them, explaining why this application would be, and is, without merit under Fed. R. Civ. P. Rule 37(c) (1), the controlling authority here. Here, Plaintiff did not fail to produce the Gussin report. Moreover, the delay in providing the report was substantially justified because of Defendants' delay in document production, and withholding of the key documents. The delay is harmless because the trial is

months away, and Defendants have yet to depose Mr. Gussin, but will have that opportunity on March 27, 2013. *See Maharaj v. California Bank & Trust,* 2013 WL 178335 (E.D.Cal. 2013) (Former employee's failure to provide in her pretrial disclosures analysis of her computation of past or future economic damages in her wrongful termination suit against employer was harmless, and thus employee was not precluded from seeking such damages at trial even though employee failed to designate expert to testify on amount and calculation of future damages, where information on which those damages were calculated was already in employer's possession).

Here is my 2/28/2013 e-mail to Defendants' counsel:

"Responding to JM's 2/27/2013 email, I will soon send you proposed dates for Ms. Hendrick's deposition. She will testify on all of your 30(b)(6) topics except for topics 5 and 9. Mr. Gussin will testify on topics 5 and 9. I will send you his report, in conformity with FRCP Rule 26(a), in a day or so to aid you in deposing him on topics 5 and 9. We will be moving for summary judgment of infringement, and for dismissal of your affirmative anticipation defense within a week. Under LR 7-3, we can discuss this motion if you like, but I see no middle ground. Please call me at 213-700-6637 any time to discuss. By filing before your depos, you will have the chance to examine Mr. Gussin before you file your opposition to my motion. I want to depose VISA/MasterCard under Rule 30 (b)(6) on the factual bases for your assertions of non-infringement/invalidity.right after you depose my two witnesses, so please think about appropriate dates/places.

Before you carry out your ill-considered threat to file a motion to exclude Mr. Gussin's report, or my forthcoming report on damages, consider (1) my firm served timely requests to produce, requesting defendants to produce defendants'

documents relevant showing how defendants' system operates; (2) production of the requested documents was essential for plaintiff's expert on infringement to have, to complete his infringement analysis, (3) the documents were due months ago, (4) if your side had timely produced the documents, plaintiff would have been able to timely serve the report of plaintiff's infringement expert, (5), your side, by numerous dilatory tactics, improperly delayed producing the key (confidential) documents until mid-February, 2013, (6) your expert, Mr. Grimes, relied on the documents, in his 12/12 report, but our side had NOT had those key documents produced to our side, though obviously those documents were available to be produced in December 2012, as you had given them to your expert before then (7) plaintiff's infringement expert's report is being sent to you, signed by expert, within 2 weeks after you (tardily) produced those key (confidential) documents.

Your improper delay in producing the timely requested key (confidential) documents constitutes unclean hands by your side, which made it impossible for plaintiff's expert on infringement to complete his report until present. You are therefore estopped to complain of delay/prejudice, and any motion you file will be properly denied, due to your side's unclean hands causing the delay in plaintiff's expert on infringement being able to complete his expert report.

Similarly, your side improperly delayed producing documents essential to accurately calculating damages. That improper delay also consitutes unclean hands. Among the missing documents on damages are all predictions/forecasts of EMV deployment in the US, all licenses to/from your clients related to EMV technology, all your patents/patent applications, if any, on EMV technology, and the other topics listed in my document requests served in June, 2012. See my

**SmartMetric Inc.'s Opposition of Ex Parte Application**

2/22/2013 email reminder about these missing documents. I have NONE of these documents from MasterCard, either.

Your assertion that we gained some advantage from having your Grimes and Merschen reports is without merit. You should have updated your interrogatory responses with this information whether or not you ever sent me an expert report, and you should have produced the key documents long before December, 2012, as I had promised not to show them to Ms. Hendrick, the only issue that prevented timely entry of a protective order. Despite my promise, you still withheld the key documents from production, but used them to prepare your experts' reports.

Please refer to FRCP Rule 37(c) (1), which applies here, and provides that:

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, <u>unless the failure was substantially justified OR is harmless."</u>

Under this Rule, our experts, Gussin and Hendrick, cannot be excluded, because the delay in serving their reports on you was BOTH "substantially justified" AND was " harmless," and EITHER would be sufficient to avoid exclusion. Defendants and you improperly delayed in producing the relevant documents until mid-February, 2013, knowing they were relevant since you used them to prepare your Grimes and Merschen reports, and knowing that my June, 2012, Rule 34 requests called for production of these documents by July 2012. So Mr. Gussin's review of these documents and his preparation of his report within two weeks after you finally produced the withheld documents in mid-February, 2013, is substantially justified.

1  Second, the delay is "harmless", because trial is not until September, 2013,

2  and you will be deposing our experts in March, 2013, precluding any assertion of

3  prejudice.

4  See *Morel v. Daimler-Chrysler Corp*, 259 F.R.D. 17, 21-22 (D. Puerto Rico

5  2009):

6

7  "Perhaps most important for the harmlessness analysis,

8  plaintiffs will not be prejudiced by the substitution

9  because they have time to prepare for cross-examination.

10  An ability to cure or mitigate any prejudice resultant

11  from submitting late expert disclosures with minimum

12  disruption to trial weighs in favor of harmlessness. See

13  e.g., Johnson, 775 F.2d at 7 n. 7, 8; *22 Downeast

14  Ventures, Ltd., 450 F.Supp.2d at 112. The ability to

15  mitigate the prejudice depends on how long before trial

16  the disclosure is made. See Laplace-Bayard, 295 F.3d at

17  162 (disclosure one week before trial too late for

18  preparation); Thibeault, 960 F.2d at 241, 247 (thirty-

19  seven page supplementary answer to interrogatory four

20  days before trial unfairly prejudicial). In Ferrara &

21  DiMercurio v. St. Paul Mercury Ins. Co., the First Circuit

22  Court of Appeals found no prejudice when the opposing

23  party had notice of the substitute expert three months

24  before trial. 240 F.3d at 10. In this case, the date for trial

25  has not been set, and it appears that the parties will not be

26  ready to try the case until September, 2009 due to

27

28

**SmartMetric Inc.'s Opposition of Ex Parte
Application**

previous commitments. The parties will schedule this expert discovery with sufficient time to depose the new expert and incorporate his testimony."

*Morel v. Daimler-Chrysler Corp*, 259 F.R.D. 17, 21 (D. Puerto Rico 2009) also holds that:

"The untimely disclosure is harmless because it is not materially prejudicial to plaintiffs. Plaintiffs will not be prejudiced because they had notice of the possibility of substitution, they will not be surprised by new subject matter or a new theory of liability, and they have ample time to formulate a response and prepare cross-examination. See Downeast Ventures, Ltd., 450 F.Supp.2d at 111 ( citing Ferrara & DiMercurio, 240 F.3d at 10). The goal of discovery is to "make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." Thibeault, 960 F.2d at 244 ( quoting United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958)). Allowing substitution furthers this goal of a fair contest for both parties because without the new expert the defense would be punished for the death of one of its witnesses, and with the substitution the plaintiffs still have the ability to adequately prepare."

**SmartMetric Inc.'s Opposition of Ex Parte Application**

See Samos Imex Corp. v. Nextel Communications, Inc., 194 F.3d 301, 305 (1st Cir. 1999):

> "It is quite true that as amended, the civil procedure rules make clear that exclusion of evidence is a standard sanction for a violation of the duty of disclosure under Rule 26(a). See Fed.R.Civ.P. 37(c); Klonoski v. Mahlab, 156 F.3d 255 (1st Cir.1998). But this is far from saying that the district court is obligated to exclude evidence based on such a failure when it occurs long before trial and is likely subject to correction without much harm to the opposing party; nor do we know whether there may be some "justification" for any failure to disclose. See Fed.R.Civ.P. 37(c)."

See also *ABB Air Preheater, Inc. v. Regenerative Environmental Equipment Co., Inc.,* 167 F.R.D. 668, 673 (D.N.J. 1996)

> "Even assuming that defendant should have submitted its evidence of secondary considerations in its first expert report, rather than in rebuttal, its "untimely" submission resulted in no prejudice. If anything, this is a case of late disclosure, rather than non-disclosure."

We haven't declined to send a report. We are tardy only because you wrongly withheld the relevant documents, and, worse yet, used those documents to

1  prepare your experts' reports. Even so, you will have a full opportunity to depose
2  our experts on their reports, long before trial. We will ask the Court to consider at
3  most one of the lesser sanctions under Rule 37 If the court wishes to penalize us
4  for your inequitable conduct.

5      If you move, we will ask the Court to find you have unclean hands, and are
6  acting inequitably. Ellenburg v. Brockway, Inc., 763 F.2d 1091, 1097 (9th Cir.
7  1985) describes the unclean hands doctrine as follows:
8
9  "Unclean Hands. The unclean hands doctrine derives from the equitable maxim
10 that 'he who comes into equity must come with clean hands.' This maxim 'closes
11 the doors of a court of equity to one tainted with inequitableness or bad faith
12 relative to the matter in which he seeks relief, however improper may have been
13 the behavior of the [other party]'. Precision Inst. Mfg. Co. v. Automotive
14 Maintenance Mach. Co., 324 US 806, 814, 65 S.Ct. 993, 997, 80 L.Ed. 1381
15 (1945)".

16 "In applying the doctrine, '[w]hat is material is not that the [defendants'] hands are
17 dirty, but that he dirtied them in acquiring the right he now asserts, or that the
18 manner of dirtying renders inequitable the assertion of such rights against the
19 [plaintiff].' Republic Molding Corp. v. B.W. Photo Utilities, 319 F.2d 347, 349
20 (9th Cir. 1963). Thus, equity requires that those seeking its protection shall have
21 acted fairly and without fraud pr deceot as to the controversy in issue. Johnson v
22 Yellow Cab Transit Co., 321 US 383, 387, 64 S.Ct. 622, 624, 88 L.Ed. 814 (1944);
23 Keystone Driller Co. v. General Excavator Co., 290 US 240, 245, 54 S.Ct. 146,
24 147, 78 L.Ed. 293 (1933)."

We timely sought the relevant documents under Rule 34, but you withheld them knowing of their relevance, meanwhile using them to prepare your own reports. By so doing, you intentionally made it impossible for us to timely prepare/serve the experts' reports. We just got the withheld documents from you two weeks ago. Therefore, it was your own "dirty conduct" (improper delay in producing documents) that caused the delay in our expert reports.

See also Alder v. Federal Republic of Nigeria, 219 F.3d 869, 876-77 (9th Cir. 2000), citing the above quoted parts of Ellenberg. In Alder, the 9th circuit affirmed the district court's decision, which applied the doctrine of unclean hands to deny plaintiff relief in plaintiff's suit that sought to recover money paid by plaintiff to further an illegal contract. Plaintiff had "dirtied his hands by intentionally attempting to aid and abet Nigerian officials' scheme to steal from the government treasury, and by paying bribes". Alder at 877.

Relevant by analogy are cases where a defendant's asserted defense of laches was dismissed because of defendant's unclean hands. "A party with unclean hands may not assert laches". Hot Wax, Inc., 191 F.3d at 824. Accord, GoTo.com, Inc., 202 F.3d at 1209 (applying unclean hands doctrine to Lanham Act trademark infringement action).

It would be a violation of Rule 11 for you to bring an exclusion motion.

Let's finish discovery, and see what my summary judgment motions, and yours, if any, tell us about the merits of this case."

Additional authority weighs in favor of denying Defendants' application. *Sancom, Inc. v. Qwest Communications Corp.*, 683 F. Supp. 2d 1043 (D.S.D.

**SmartMetric Inc.'s Opposition of Ex Parte Application**

2010) holds that a court should consider four factors in determining whether exclusion is the proper sanction with regard to expert testimony that is not timely disclosed: (1) the importance of the excluded expert testimony; (2) the party's explanation for failure to disclose; (3) the potential prejudice created by permitting use of the expert testimony; and (4) the ability to cure any prejudice by granting a continuance. *Accord, Insignia Systems, Inc. v. News America Marketing In-Store, Inc.,* 661 F. Supp. 2d 1039 (D. Minn. 2009) (Generally, '[t]he use of an undisclosed witness should seldom be barred unless bad faith is involved.') "Substantial justification" is a justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure obligation as to this witness or piece of evidence

## IV. DEFENDANTS DO NOT ASSERT ANY PREJUDICE /HARM AND DO NOT SEEK TO JUSTIFY WITHHOLDING THE KEY DOCUMENTS

Defendants' Melnik declaration, the only evidence Defendants filed, does not even assert any harm to Defendants, deny withholding of the key documents, or deny Defendants' reliance on the withheld documents in their expert reports. They assert the withheld documents are irrelevant, but Mr. Gussin's declaration proves this assertion is in error.

Defendants' reliance on *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106-07 (9th Cir. 2001) is misplaced. There, the court excluded an expert whose report was 2.5 years late, and was provided 28 days before trial. There was no assertion from the proponent of this expert that the opposing party withheld any discovery or other information that the proposed expert needed.

*Wong v. Regents of the Univ. of Cal.,* 410 F.3d 1052, 1060 (9th Cir. 2005) is factually distinguishable. There, the proponent of the late-identified expert

mistakenly decided no expert testimony was needed to prove his case, and the court found that he should have anticipated the need. Again, the proponent did not assert that the opposing party withheld any discovery or other information that the proposed expert needed, and the delay was six months.

*Pineda v. City & Cnty. Of San Francisco,* 280 F. R. D. 517, 523 (N. D. Cal. 2012) is also distinguishable. There, the expert's report did not comply with the requirements of Rule 26, and was excluded for that reason, and the delay was unexplained. Again, the proponent did not assert that the opposing party withheld any discovery or other information that the proposed expert needed.

In *Benedict v. Zimmer, Inc.,* 232 F.R.D. 305, 317 (N.D. Iowa 2005), the proponent of the expert never served an expert report. Here, Plaintiff served its written expert report on March 1, 2013.

## V. CONCLUSION

Defendants' application errs in arguing that the fact the Court did not extend the discovery schedule means that expert Gussin should be excluded. The Court not extending the discovery schedule means Gussin's Report was served late. But exclusion of experts is governed by FRCP Rule 37( c ), and the Defendants do not meet the standard of Rule 37( c) for excluding an expert witness. The Court should deny Defendants' Motion. FRCP Rule 37( c) precludes excluding an expert where the failure to timely supply expert information was "substantially justified" OR where that failure was "harmless". Here the Plaintiff's short delay in serving expert Gussin's report was BOTH substantially justified, AND was harmless. The short delay was substantially justified because it was caused by Defendants' 7 month delay in producing documents regarding how Defendants' system functioned, that

expert Gussin had to have to complete his analysis and report. The short delay was harmless, because the case is still in discovery, is months from trial, and Defendants are deposing Gussin in plenty of time to be able to respond to Plaintiff's Motion for summary judgment. Moreover, even if the lateness was not substantially justified, the lesser sanctions , e.g., a trial continuance, specified in FRCP Rule 37( c ) (A), (B) and (C) would be appropriate rather than exclusion.


Dated:  March 15, 2013              Respectfully submitted,

                                    WAGNER, ANDERSON & BRIGHT, PC




                                    By: _____
                                        Patrick F. Bright (SBN 68709)
                                        3541 Ocean View, Blvd.
                                        Glendale, California 91208
                                        Telephone: (818) 249-9300
                                        Facsimile: (818) 249-9335


                                    Attorneys for Plaintiff

                                    SMARTMETRIC INC.