Patrick F. Bright (State Bar No. 68709)
**WAGNER, ANDERSON & BRIGHT PC**
3541 Ocean View Boulevard
Glendale, California 91208
Telephone: (818) 249-9300
Facsimile: (818) 249-9335
E-Mail: pbright@brightpatentlaw.com

*Attorneys for Plaintiff SmartMetric, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMARTMETRIC, INC., | Case No.  11-CV-7126 MWF (AJWx) |
| Plaintiff, | DECLARATION OF PATRICK BRIGHT IN SUPPORT OF SMARTMETRIC INC.'S OPPOSITION TO DEFENDANTS' JOINT EX PARTE APPLICATION TO EXCLUDE THE REPORT AND DECLARATION OF PLAINTIFF'S EXPERT EDWARD GUSSIN FILED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT OF U.S. PATENT 6,792,464 CLAIMS 1, 5-7, 11, AND 13, AND FOR DISMISSAL WITH PREJUDICE OF THE ANTICIPATION AFFIRMATIVE DEFENSE |
| v. | |
| MASTERCARD INTERNATIONAL INCORPORATED AND VISA INC., | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | Date: April 15, 2013<br>Time: 10:00 a. m.<br>Place: 1600 Spring, Court of District Judge Michael W. Fitzgerald |

I, Patrick F. Bright, declare that:

1. I am trial counsel for Smartmetric, Inc. in the captioned case. I make this declaration in support of Smartmetric's opposition to Defendants' application to exclude the report (the "report") of Edward L. Gussin dated March 31, 2013, on the infringement and validity issues in this case, and the Gussin declaration filed in

support of Smartmetric's motion for partial summary judgment on 3/11/2013. Defendants have noticed Mr. Gussin for deposition on March 27, 2013.

2. In June, 2012, I served Defendants with document requests under Rule 34, many of which called for documents describing the structure and operation of Defendants' EMV systems at issue in this case. Defendants declined to produce their documents they designated confidential and highly-confidential before entry of a protective order. The ensuing dispute over the protective order finally ended with entry of such an order on February 8, 2013. Defendants finally began to produce over 1.5 million of these withheld documents in mid-February, 2013. See Exhibits 1, 2 and 3 hereto for copies of MasterCard's 2/12/2013 letter and my emails confirming these facts. On February 22, 2013, I emailed Defendants again, asking them to complete document production, and enclosing some of my June, 2012, document requests seeking documents about damages issues and about the accused EMV systems/methods. See Exhibit 5. As of March 7, 2013, Defendants had not completed their document production. See Exhibit 6.

3. Until entry of the protective order, Defendants declined to produce the withheld documents though I had committed to hold them in confidence pending the entry of a protective order.

4. In late February, 2013, I received the withheld 1.5 million pages from Defendants, and promptly reviewed them with Edward Gussin, our retained expert. After many hours reviewing these documents, he found among them VISA documents describing stand-in processing to which the VISA EMV system may direct a transaction that begins with insertion of an EMV data card in a system reader, an element called for in the claims of the '464 patent. These documents also included MasterCard documents describing a similar network, called FIT, in their EMV system. None of the many non-confidential documents about the VISA and MasterCard EMV systems that Defendants had produced before mid-February, 2013, disclosed this important information.

**Bright Declaration In Support of Opposition of Ex Parte Application**

5. Mr. Gussin's 3/1/2013 report in this case cites to, and relies on these documents in finding that the VISA and MasterCard EMV systems include all of the elements of claims 1 and 14 of the '464 patent.

6. Attached to Mr. Gussin's declaration as Exhibit 1 is a copy of two pages from the December, 2012, report of Dr. Grimes, a Defendant expert, identifying as document groups he reviewed, the VISA/MasterCard stand-in processing documents I refer to in paragraph 2. above. So, in December, 2012, in evaluating the infringement issue, Grimes had and used the documents that Defendants withheld from Plaintiff that Plaintiff needed to evaluate infringement.

Executed under penalty of perjury under the laws of the United States of America at Glendale, CA on March 15, 2013.

Patrick F. Bright

**Bright Declaration In Support of Opposition of Ex Parte Application**

# EXHIBIT 1

**Sheppard Mullin**

Sheppard Mullin Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
213.620.1780 main
213.620.1398 main fax
www.sheppardmullin.com

213.617.5588 direct
dsmith2@sheppardmullin.com

February 12, 2013

File Number: 0NA4-155116

**VIA OVERNIGHT FEDEX**

Patrick F. Bright, Esq.
Wagner, Anderson & Bright LLP
3541 Ocean View Blvd.
Glendale, CA 91208
Email: pbright@BrightPatentLaw.com

Re:   *SmartMetric, Inc. v. MasterCard International Incorporated, et al.*
      Case No. CV 11-7126 MWF (FMOx)

Dear Pat:

Enclosed is MasterCard's document production bearing Production Numbers MII 00008633 – MII 00009060; MII 00009106 – MII 00009411; and MII 00011488 – MII 02098491.  Please note that a number of these documents have been marked "CONFIDENTIAL" pursuant to the Protective Order entered in this case.

We would also like to address SmartMetric's document production in the above-identified case. Now that a protective order is in place, when can MasterCard expect to receive SmartMetric's documents?  If SmartMetric feels that it has completed its production of documents and does not plan on producing any additional documents, we would like to know this as well.  We request prompt production of SmartMetric's documents or notice that SmartMetric has completed its production.

Sincerely,

Dennis J. Smith
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:408035449.1

Encls.: MasterCard Document Production bearing Bates Numbers MII 00008633 – MII 00009060; MII 00009106 – MII 00009411; and MII 00011488 – MII 02098491.

cc:    Joseph Melnik, Esq.

# EXHIBIT 2

**Pat Bright**

| | |
|---|---|
| **From:** | Pat Bright |
| **Sent:** | Wednesday, February 13, 2013 2:23 PM |
| **To:** | Gary Clark; Joseph Melnik |
| **Cc:** | C Hendrick; C Hendrick |
| **Subject:** | FW: SmartMetric v. MasterCard-SheppardMullin Letter dated 2/12/2013 |

**Attachments:** Smartmetric v. MasterCard- MasterCard SheppardMullin Letter dated 2122013.pdf

GC: Thanks for sending me the documents I received today. Please see my email to Mr. Melnik and you about my suggestion for an extension, and let's discuss. I have no additional documents to produce. Do you? If yes, when will you send them? Regards, Pat

---

**From:** Dan Friedman
**Sent:** Wednesday, February 13, 2013 12:31 PM
**To:** Pat Bright
**Subject:** SmartMetric v. MasterCard-SheppardMullin Letter dated 2/12/2013

# EXHIBIT 3

**Pat Bright**

| | |
|---|---|
| **From:** | Pat Bright |
| **Sent:** | Wednesday, February 13, 2013 3:37 PM |
| **To:** | Dan Friedman |
| **Subject:** | FW: Smartmetric v. MasterCard & Visa-Jones Day Letter; Visa Notices of Depos |
| **Attachments:** | Smartmetric v. MasterCard & Visa Jones Day Letter dated 2122013.pdf; Smartmetric v. Mastercard & Visa-Visa Notice of 30(b)(6) Depo.pdf; Smartmetric v. Mastercard & Visa-Visa Notice of Depo Chaya Hendrick.pdf |

-
-

**From:** Pat Bright
**Sent:** Wednesday, February 13, 2013 2:20 PM
**To:** 'Joseph Melnik'; 'Gary Clark'
**Cc:** 'C Hendrick'; 'C Hendrick'
**Subject:** FW: Smartmetric v. MasterCard & Visa-Jones Day Letter; Visa Notices of Depos

-
JM: I have today received the enclosed depo notices and document production. Please tell me if VISA Will be producing more documents, or is for now at rest on document production. It will tak e some time for us to screen/digest the documents, and to thereafter prepare 30(b)(6) winess(es) for depo. Therefore, I again propose moving all dates 60-90 days. You can retain depo priority if you wish. I'll take my own 30 (b)(6) depos after you depose Ms. Hendrick and our 30 (b)(6) winess(es). If you are OK with an extension, By a  copy of this email to him, I am asking Gary Clark to tell me what he will do. I'll draft/circulate a stip. Please let me know about this soon. Thanks. Pat

-

**From:** Dan Friedman
**Sent:** Wednesday, February 13, 2013 12:36 PM
**To:** Pat Bright
**Subject:** Smartmetric v. MasterCard & Visa-Jones Day Letter; Visa Notices of Depos

-
-

*3*

# EXHIBIT 4

## Pat Bright

| | |
|---|---|
| **From:** | Pat Bright |
| **Sent:** | Friday, February 15, 2013 12:28 PM |
| **To:** | Joseph Melnik; Gary Clark |
| **Cc:** | C Hendrick; C Hendrick; Dan Friedman |
| **Subject:** | FW: Smartmetric v. MasterCard and Visa; Stipulation to Modify Scheduling Order and [Proposed] Order |

**Attachments:** 02152013 SmartMetric v. MasterCard et al. - Proposed Scheduling Order.DOC; 02152013PFBStipulationToModifySchedulingOrderf.doc

JM/GC: Following my telecom about my proposal to extend the scheduling deadlines with Mr. Melnik on 2/14/13, I enclose a proposed stip/order for a short continuance of the schedule for our case.Following entry of the protective order on 2/8/13, I just received the confidential/highly confidential documents from VISA and MasterCard, over 1.5 million pages, and need time to digest them, to serve supplemental interrogatory responses, to prepare/serve expert reports based on these documents. Mr. Melnik says more documents will be produced in the next week or so. Mr. Melnik told me to send a proposed stip/order for your review. I enclose them. Mr. Melnik said he wouldn't stipulate to an extension for me to serve expert reports because the time for these reports in the current schedule has expired, and because defendants served their reports already. I couldn't do so without the documents I just received. Please reconsider your refusal, given the circumstances. My stipulation reports your current positon so that the Court can resolve the difference. May I hear from you promptly. If you decline to stipulate, I'll seek an extension by ex parte application next week Regards, Patrick Bright for SmartMetric

**From:** Dan Friedman
**Sent:** Friday, February 15, 2013 12:04 PM
**To:** Pat Bright
**Subject:** Smartmetric v. MasterCard and Visa; Stipulation to Modify Scheduling Order and [Proposed] Order

# EXHIBIT 5

## Pat Bright

| | |
|---|---|
| **From:** | Pat Bright |
| **Sent:** | Friday, February 22, 2013 2:13 PM |
| **To:** | Joseph Melnik; Gary Clark |
| **Cc:** | C Hendrick; C Hendrick |
| **Subject:** | FW: Doc 1 & 2 |

**Attachments:** Document 1 (2).pdf; Document 2.pdf

JM/GC: Thanks for agreeing to move the date of your 30 (b)(6) deposition. We are screening the enormous document production each of you made beginning on February 20, 2013, and expect to be ready for your depositions of our 30(b)(6)  witnesses and Ms. Hendrick by mid-March, 2013. Ms Hendrick will testify on several of your 30 (b)(6) topics, we expect. We ask that VISA and MasterCard depose Ms. Hendrick on the same day.

 JM said VISA will soon send me the documents responsive to our attached, long-ago-served, document requests, numbers 27-42 to VISA. I ask GC to send me the documents responsive to our document requests numbers 25-39 to MasterCard. I need these documents to prepare our damages analyses. We find no responsive documents in your production to date.

We will have our report on infringement to you next week.

We would thereafter, as promptly as you can arrange, like to depose your 30(b)(6) witness(es) on the factual basis for your contentions of non-infringement, invalidity, and damages, if there proves to be liability for patent infringement, as we allege.

Thanks. Patrick Bright for Plaintiff SmartMetric

---

**From:** Natalie Perry
**Sent:** Friday, February 22, 2013 2:07 PM
**To:** Pat Bright
**Subject:** Doc 1 & 2

Here it is.

5

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that RELATE TO the allegations in the fifth affirmative defense of YOUR ANSWER.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that RELATE TO the allegations in the sixth affirmative defense of YOUR ANSWER.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that RELATE TO the allegations in the seventh affirmative defense of YOUR ANSWER.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS that RELATE TO the allegations in the eighth affirmative defense of YOUR ANSWER.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS that RELATE TO the allegations in the first counterclaim of YOUR ANSWER.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS that RELATE TO the allegations in the second counterclaim of YOUR ANSWER.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that RELATE TO YOUR responses to Plaintiff's First Set of Interrogatories to VISA, a copy of which is being served concurrently.

**REQUEST FOR PRODUCTION NO. 26:**

All VISA's financial statements for the years 2005 to date.

**REQUEST FOR PRODUCTION NO. 27:**

All quarterly and annual balance sheets and income statements for VISA revenues attributable to the accused products, for 2005 to date.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS that RELATE TO the number and the selling/transfer price of all accused products from 2005 to date.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS that RELATE TO the number of accused products that VISA projects making, using, selling, and/or offering to sell in the United States from June 1, 2012 to the year 2020.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that RELATE TO any projections of VISA's anticipated revenue in the United States from the accused products for the years 2012 to 2020.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS that RELATE TO VISA's projected gross profit in the United States attributable to the accused products from 2012 to 2020.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS that RELATE TO the costs incurred by VISA for advertising, marketing, and selling any of the accused products in the United States.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that RELATE TO the importance, significance, or role of any or all of the features claimed in the '464 patent in suit in VISA's marketing or advertising.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that RELATE TO VISA's business, financial or marketing plans in the United States for the years 2012-2020 related to any of the accused products.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS that RELATE TO commercial success of any of the accused products.

SmartMetric's 1st Set of Document Requests
Case No. CV 11-07126-MWF (FMOx)

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS that RELATE TO, or constitute any license authorized/approved/ratified by VISA for any accused product.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS, including, e.g., all license agreements and settlement agreements, which RELATE TO any accused product and involve the transfer to VISA of any consideration therefor.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that RELATE TO any consideration VISA has paid for any technology used in the United States in any accused product.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS that RELATE TO analysis of, studies of, or reports on the market(s) in the United States for any accused product.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS that RELATE TO the determination of a reasonable royalty for allegedly infringing the '464 patent in suit.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS that RELATE TO royalties paid/payable by/to VISA for intellectual property rights relating to any of the accused products.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS that RELATE TO consideration received/receivable by VISA for intellectual property rights relating to any accused product.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that RELATE TO and/or describe each accused product.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that RELATE TO any assertions by VISA of non-infringement of the '464 Patent-in-Suit.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that RELATE TO the allegations in the sixth affirmative defense of YOUR ANSWER.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that RELATE TO the allegations in the first counterclaim of YOUR ANSWER.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that RELATE TO the allegations in the second counterclaim of YOUR ANSWER.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS that RELATE TO YOUR responses to Plaintiff's First Set of Interrogatories to MasterCard, a copy of which is being served concurrently.

**REQUEST FOR PRODUCTION NO. 23:**

All MasterCard's financial statements for the years 2005 to date.

**REQUEST FOR PRODUCTION NO. 24:**

All quarterly and annual balance sheets and income statements for MasterCard revenues attributable to the accused products, for 2005 to date.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that RELATE TO the number and the selling/transfer price of all accused products from 2005 to date.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS that RELATE TO the number of accused products that MasterCard projects making, using, selling, and/or offering to sell in the United States from June 1, 2012 to the year 2020.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS that RELATE TO any projections of MasterCard's anticipated revenue in the United States from the accused products for the years 2012 to 2020.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS that RELATE TO MasterCard's projected gross profit in the United States attributable to the accused products from 2012 to 2020.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS that RELATE TO the costs incurred by MasterCard for advertising, marketing, and selling any of the accused products in the United States.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that RELATE TO the importance, significance, or role of any or all of the features claimed in the '464 patent in suit in MasterCard's marketing or advertising.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS that RELATE TO MasterCard's business, financial or marketing plans in the United States for the years 2012-2020 related to any of the accused products.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS that RELATE TO any alleged commercial success of any of the accused products.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that RELATE TO, or constitute any license authorized/approved/ratified by MasterCard for any accused product.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS, including, e.g., all license agreements and settlement agreements, which RELATE TO any accused product and involve the transfer to MasterCard of any consideration therefor.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS that RELATE TO any consideration MasterCard has paid for any technology used in the United States in any accused product.

SmartMetric's 1st Set of Document Requests
Case No. CV 11-07126-MWF (FMOx)

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS that RELATE TO analysis of, studies of, or reports on the market(s) in the United States for any accused product.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS that RELATE TO the determination of a reasonable royalty for allegedly infringing the '464 patent in suit.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that RELATE TO royalties paid/payable by/to MasterCard for intellectual property rights relating to any of the accused products.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS that RELATE TO consideration received/receivable by MasterCard for intellectual property rights relating to any accused product.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS that RELATE TO and/or describe each accused product.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS that RELATE TO any assertions by MasterCard of non-infringement of the '464 patent-in-suit.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS that RELATE TO the '464 patent in suit.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that RELATE TO when MasterCard first became aware of the '464 patent in suit.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that RELATE TO whether any accused product infringes or does not infringe claims 1 and 14 of the '464 patent in suit.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS that RELATE TO the infringement or non-infringement of claims 1 and 14 of the '464 patent in suit.

# EXHIBIT 6

## Pat Bright

| | |
|---|---|
| **From:** | Pat Bright |
| **Sent:** | Thursday, March 07, 2013 10:37 AM |
| **To:** | 'Jacqueline K. S. Lee' |
| **Cc:** | Dan Friedman; ceo@smartmetric.com'; 'chaya@smartmetric.com'; 'gclark@sheppardmullin.com'; 'jmelnik@jonesday.com' |
| **Subject:** | RE: SmartMetric Inc. v. MasterCard International and Visa Inc. - Correspondence |

JKSL: I received the captioned letter this morning, March 7, 2013, and write to respond in part. I think the time has come for Mr. Melnik and me to meet in person. I had reserved the time on Monday, March 4, 2013, to speak to him,, as he requested, but he didn't call or seek a postponement. An in-person meeting should help end this conduct.   Unfortunately, I can not meet until Monday, March 11, 2013, after noon. Please ask JM to call me then, at his convenience. Meanwhile, Ms. Hendrick has remained in the US in hopes VISA will take her depo on March 13, 2013, as VISA's 2/13/2013 depo notice called for. She has gone to considerable expense to appear as noticed, and her schedule going forward is crowded. **Please tell me today in writing whether VISA will adhere to its own depo notice for Ms. Hendrick for March 13.** If not, she will schedule other business for next week, rescheduling will be difficult, and VISA should bear all attendant expense.

JM's statements about document production are disappointing. MasterCard has completed its document production just this week. We still await VISA's admittedly delinquent production, and you continue to delay. Your complaint that our request for patents/patent applications on the EMV system and its parts is ambiguous is phony. MasterCard told me they have no such documents, and didn't say our request was the least bit ambiguous.

You are mistaken about the basis for our infringement report. Perhaps you haven't read it. It's based on the documents you withheld until mid February, 2013, and your spokesman Dr. Grimes said he considered them in writing his report, though he didn't quote them in his report. So, in December, 2012, your expert had and used·the documents you withheld from us until February, 2013. And why did you even prepare/serve such a "rebuttal" report, when Master Card didn't do so? The answer can only be that you were trying to lay the ground work for a phony claim of prejudice.

You haven't answered my 3/5/2013 email asking for your OK to show a small number of so-called highly confidential documents to Ms.Hendrick. She needs to see them to prepare for deposition and for trial. If I were you, I would want her to see them so you can depose her on them. They will come into evidence at trial no matter what.

I won't reply to the other items in your letter until we meet. Let's do that soon, **and in person**. It's harder to dissemble, as you are doing, face-to-face, in my experience.

Let's try to complete this case in a more cooperative way.

Regards, Pat

---

**From:** Jacqueline K. S. Lee [mailto:jkslee@JonesDay.com]
**Sent:** Wednesday, March 06, 2013 9:24 PM
**To:** Pat Bright
**Cc:** Joseph Melnik; Jason McDonell; GClark@sheppardmullin.com; Dennis Smith; Darren Franklin
**Subject:** SmartMetric Inc. v. MasterCard International and Visa Inc. - Correspondence

Pat,

Please find attached correspondence from Joe Melnik in connection with the above-referenced matter, as well as amended notices of deposition for Chaya Hendrick and SmartMetric Inc. and accompanying proof of service.

Regards,

6

Jaci


Jacqueline Lee
Associate
Jones Day - Silicon Valley
1755 Embarcadero Road
Palo Alto, California 94303
Direct Phone: (650) 739-3903
Fax: (650) 739-3900

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

3/15/2013