1            UNITED STATES OF AMERICA

2         UNITED STATES DISTRICT COURT

3        CENTRAL DISTRICT OF CALIFORNIA

4           CENTRAL DIVISION

5             - - -

        HONORABLE MICHAEL W. FITZGERALD

6    UNITED STATES DISTRICT JUDGE PRESIDING

            - - -

7

8   SMARTMETRIC INC.,           )

                          )

9          PLAINTIFF,     )

                          )

10   VS.                    )   CV 11-7126

                          )

11   MASTERCARD INTERNATIONAL, INC., )

                          )

12          DEFENDANT.     )

   _____)

13

14

15            ***HEARING RE SEALED FILINGS***

16

17         LOS ANGELES, CALIFORNIA

          MARCH 25, 2013

18

19

20

21

22

23        ROSALYN ADAMS, CSR 11794

     FEDERAL OFFICIAL COURT REPORTER

24   312 NORTH SPRING STREET, ROOM 410

    LOS ANGELES, CALIFORNIA 90012

25         (213) 894-2665

```
1    APPEARANCES:

2    ON BEHALF OF THE PLAINTIFF:

3              WAGNER ANDERSON AND BRIGHT, P.C.
               BY:  PATRICK F. BRIGHT
4              3541 OCEAN VIEW BOULEVARD
               GLENDALE, CALIFORNIA 91208
5              (818) 249-9300

6

7    ON BEHALF OF DEFENDANT:

8              JONES DAY
               BY:  JOSEPH MELNIK
               1755 EMBARCADERO ROAD
9              PALO ALTO, CALIFORNIA 94304
               (650) 739-3939

10

11             SHEPPARD MULLIN RICHTER AND HAMPTON, LLC
               BY:  GARY A. CLARK
               333 SOUTH HOPE STREET
12             48TH FLOOR
               LOS ANGELES, CALIFORNIA 90071
13             (213) 620-1780

14

15

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT

1    LOS ANGELES, CALIFORNIA; MONDAY, MARCH 25, 2013; 10:00 AM

2                          --000--

3

4

5         THE CLERK:  CALLING ITEM NUMBER SIX, CASE NUMBER CV

6    11-7126-MWF:  *SMARTMETRIC INC. V. MASTERCARD INTERNATIONAL*

7    *INCORPORATED, ET AL.*

8         COUNSEL, PLEASE STATE YOUR APPEARANCE FOR THE

9    RECORD.

10        MR. BRIGHT:  GOOD MORNING, YOUR HONOR.  PAT BRIGHT

11   FOR THE PLAINTIFF.

12        THE COURT:  GOOD MORNING.

13        MR. MELNIK:  GOOD MORNING, YOUR HONOR.  JIM MELNIK

14   FROM JONES DAY FOR THE DEFENDANT, VISA, INC.

15        THE COURT:  GOOD MORNING.

16        MR. CLARK:  GOOD MORNING, YOUR HONOR.  GARY CLARK

17   FOR SHEPARD MULLIN FOR DEFENDANT, MASTERCARD.

18        THE COURT:  TWO ISSUES TO RAISE THIS MORNING.  ON

19   AN UNDER SEAL FILING, THE APPROACH I TAKE IS THE ONE WHICH

20   THE FIRST AMENDMENT COMMANDS THAT I TAKE, AND IT'S --

21   ACTUALLY, IT'S CERTAINLY THERE IN NINTH CIRCUIT LAW, ALTHOUGH

22   I DO THINK IT'S MORE CLEARLY EXPRESSED IN THE CALIFORNIA

23   RULES OF COURT WHICH IS THAT DISCOVERY CAN BE SUBJECT TO A

24   PROTECTIVE ORDER, YOU CAN MARK IT HIGHLY CONFIDENTIAL OR

25   CONFIDENTIAL OR WHATEVER, BUT THAT HAS NO BEARING ON WHETHER

1    A MOTION FOR ADJUDICATION GETS TO BE FILED UNDER SEAL.

2    THAT'S AN ENTIRELY SEPARATE THING.  AND IT COULD BE THAT

3    DOCUMENTS, ESPECIALLY IN A CASE LIKE THIS, WHERE THERE MIGHT

4    BE TRADE SECRETS OR OTHERWISE PROPRIETARY DO DESERVE TO BE

5    FILED UNDER SEAL EVEN IN REGARD TO A SUMMARY JUDGMENT, BUT

6    THAT WOULD HAVE TO BE ESTABLISHED; AND EVEN IF IT IS

7    ESTABLISHED, SURELY THE ENTIRE MOTION DOES NOT FILED UNDER

8    SEAL.  IT'S GOT TO BE ONLY THOSE PORTIONS WHICH ARE DIRECTLY

9    RELATED TO THE UNDER SEAL -- TO THE INFORMATION PROPERLY

10   SEALED TO BE UNDER SEAL AND THEN A REDACTED VERSION SHOULD BE

11   FILED PUBLICLY.  THE POINT IS IT'S NOT WHAT THE PARTIES WANT,

12   IT'S NOT WHAT THE LAWYERS WANT, IT'S NOT EVEN WHAT I WANT.

13   WHAT YOU'VE GOT TO ASSUME IS THAT THIS IS THE MOST EXCITING,

14   SEXY, IMPORTANT CASE IN THE WORLD AND THE *L.A. TIMES* WANTS TO

15   GET EVERY SCRAP OF INFORMATION THAT IT POSSIBLY CAN AND IS

16   PREPARED TO FILE A PETITION FOR WRIT OF MANDAMUS IF IT

17   DOESN'T GET IT.  THAT'S WHAT THE CONSTITUTION DEMANDS AND

18   THAT'S WHAT'S GOING TO HAPPEN.  SO I'M HAPPY TO PROTECT THE

19   INTERESTS OF THE PARTIES BY SEALING THOSE THINGS WHICH

20   LEGITIMATELY ARE SEALED UNDER NINTH CIRCUIT LAW, BUT APART

21   FROM THAT THEN EVERYTHING ELSE HAS TO BE PUBLIC.

22          NOW, IN REGARD TO THE MOTION, THE EX PARTE

23   APPLICATION TO THAT WAS FILED IN THE FLURRY OF EX PARTE

24   APPLICATIONS.  THIS ONE BY THE DEFENSE, I INTEND TO DENY IT

25   WITHOUT PREJUDICE.  THE REAL ISSUE THAT YOU'RE RAISING IS

| | |
|---|---|
| 1 | SOMETHING THAT CAN BE RAISED IN YOUR OPPOSITION TO THE |
| 2 | SUMMARY JUDGMENT MOTION.  YOU CAN JUST SAY, "LOOK, WE ARE |
| 3 | OBJECTING TO THIS DECLARATION BECAUSE THE DECLARATION DOES NO |
| 4 | MORE THAN" -- THIS IS MY UNDERSTANDING OF WHAT YOUR EX PARTE |
| 5 | APPLICATION REALLY IS -- "THE DECLARATION IS NO MORE THAN A |
| 6 | PARROTING OF AN EXPERT REPORT WHICH, UNDER MY SCHEDULE OR THE |
| 7 | COURT'S SCHEDULING ORDER SHOULDN'T EXIST.  SO, IF THAT'S YOUR |
| 8 | POINT, THEN I THINK THAT CAN BE MADE AS AN OBJECTION WHEN THE |
| 9 | SUMMARY JUDGMENT MOTION IS PROPERLY ON FILE.  AND I ALSO |
| 10 | THINK THAT, APART FROM THAT, WHAT YOU SHOULD HAVE DONE WAS |
| 11 | FILE A MOTION TO STRIKE IT AND THEN FILE AN EX PARTE |
| 12 | APPLICATION FOR SOME SORT OF ORDER SHORTENING TIME.  YOU, |
| 13 | YOURSELVES, HAVE BEEN REMINDING ME ABOUT THE *MISSION* CASE AND |
| 14 | SAYING THAT THINGS SHOULD NOT BE BROUGHT EX PARTE THAT DON'T |
| 15 | NEED TO BE BROUGHT.  I DON'T SEE THAT THIS NEEDS TO BE |
| 16 | BROUGHT EX PARTE.  THE WORSE THAT WILL HAPPEN IS THAT -- |
| 17 | BECAUSE IF YOUR REAL POINT IS THAT THERE ISN'T A WHOLE LOT |
| 18 | BEHIND THE SUMMARY JUDGMENT MOTION OTHER THAN THIS |
| 19 | DECLARATION, I HAVE ONLY VERY CURSORILY GLANCED AT THE |
| 20 | SUMMARY JUDGMENT MOTION, AND THAT MAY OR MAY NOT BE THE CASE. |
| 21 | I HAVEN'T REALLY STUDIED IT ENOUGH TO KNOW.  BUT, REGARDLESS, |
| 22 | I SUPPOSE IF I DID GRAPPLE WITH ALL OF THIS NOW THEN IT WOULD |
| 23 | SAVE YOU A CERTAIN AMOUNT OF TIME AND BOTHER AND PERHAPS |
| 24 | PLAINTIFF AS WELL, BUT I JUST DON'T WANT TO ENCOURAGE COUNSEL |
| 25 | TO RUN IN HERE ON EX PARTE APPLICATIONS. |

1          SO THIS IS WHAT'S GOING TO HAPPEN.  THE SUMMARY

2     JUDGMENT MOTION WILL BE REFILED.  AND IF YOU HAVE TO TAKE AN

3     EXTRA WEEK OR TWO BEYOND THE MAY 20TH DEADLINE, THEN I'LL

4     EXTEND THE MOTIONS DEADLINE FOR THIS SUMMARY JUDGMENT MOTION

5     FOR THAT PURPOSE, AND ONLY THAT PURPOSE, FOR ANOTHER TWO

6     WEEKS.

7          AND THEN HAVING DONE THAT, ONCE IT'S ON FILE

8     PROPERLY, THEN THE DEFENSE CAN OPPOSE IT ON WHATEVER BASIS

9     THEY THINK APPROPRIATE, INCLUDING THAT THE EVIDENCE OR MUCH

10    OF IT OR MOST OF IT OR ALL OF IT -- OF THE EVIDENCE IN

11    SUPPORT OF IT IS EVIDENCE THAT SIMPLY IS IMPROPER BECAUSE

12    IT'S BASED ON A REPORT FROM AN EXPERT WHO WAS NOT DISCLOSED

13    PURSUANT TO THE SCHEDULING ORDERS THAT THE COURT SET FORTH.

14          ARE THERE ANY QUESTIONS ABOUT ANY OF THIS?

15          MR. BRIGHT:  YES, YOUR HONOR, IF YOU DON'T MIND.

16    YOUR HONOR SAID SOMETHING A FEW MOMENTS AGO THAT LEAVES ME IN

17    A QUANDARY AND THAT IS USED THE WORD "REDACTED."  THE

18    DOCUMENTS THAT I FILED UNDER SEAL -- WELL, FIRST OF ALL, WE

19    HAVE A PROTECTIVE ORDER IN THE CASE, AS YOUR HONOR KNOWS.

20          THE COURT:  AND AS I'M TELLING YOU THE PROTECTIVE

21    ORDER MEANS NOTHING IN REGARD TO FILING SOMETHING UNDER SEAL

22    IN DISTRICT COURT FOR SUMMARY JUDGMENT, ABSOLUTELY NOTHING.

23          MR. BRIGHT:  BUT IT HAS A PROVISION IN IT FOR

24    FILING SOMETHING UNDER SEAL WHEN WE FILE PAPERS IN COURT,

25    YOUR HONOR.

```
 1              THE COURT:  WHAT I'M TELLING YOU IS INTERRUPTED TO

 2   BE THOSE THINGS THAT DIRECTLY RELATE TO WHAT HAS TO BE FILED

 3   UNDER SEAL.  I'LL REVISE IT FROM NOW ON, BUT WHAT I'M TELLING

 4   YOU IS THAT -- AS I SAID, CALIFORNIA LAW, I THINK, IS MUCH

 5   BETTER THAN FEDERAL LAW, BUT THE NINTH CIRCUIT CASE LAW IS

 6   THIS WAY IS THAT THERE IS A DISTINCTION BETWEEN THAT

 7   PROTECTIVE ORDER FOR DISCOVERY PURPOSES AND WHAT IS ALLOWED

 8   TO BE FILED UNDER SEAL FOR ADJUDICATORY PURPOSES,

 9   PARTICULARLY FOR TRIAL AND SUMMARY JUDGMENT.  SO WHAT YOU

10   HAVE TO DO IS FIGURE OUT WHAT DOES THE NINTH CIRCUIT ALLOW

11   YOU TO FILE UNDER SEAL IN REGARD TO A SUMMARY JUDGMENT MOTION

12   AND THEN FILE THAT UNDER SEAL.  YOU CAN FILE THE COMPLETE

13   COPY OF YOUR PAPERS UNDER SEAL, BUT AS MUCH OF THOSE PAPERS

14   AS CAN BE PUBLICLY DONE SHOULD BE FILED THEN IN A PUBLIC

15   VERSION.  AND THERE'LL JUST BE A GAP OF, LIKE, FOUR

16   PARAGRAPHS.  CERTAINLY, WHEN YOU CITE -- SEAL A TEXT, THERE'S

17   NO REASON FOR THAT TO BE FILED UNDER SEAL.  THERE'S NO REASON

18   FOR THE GIST OF THE PAPERS OF THE SUMMARY JUDGMENT TO BE

19   FILED UNDER SEAL.  SO THERE'LL BE TWO VERSIONS OF THE

20   PAPERS -- THE PUBLIC WHICH ONE IS REDACTED, AND THE ONE UNDER

21   SEAL WHICH ISN'T.  I'M ASSUMING THAT THESE DOCUMENTS REALLY

22   ARE APPROPRIATELY FILED UNDER SEAL.  MAYBE THEY AREN'T, BUT

23   I'M ASSUMING THAT THEY ARE AND YOU CAN MAKE THAT SHOWING, BUT

24   YOU DO HAVE TO MAKE THAT SHOWING.

25              MR. BRIGHT:  I UNDERSTAND, YOUR HONOR'S POINT, I
```

```
 1    THINK.  AND IN PRINCIPLE IT SOUNDS SIMPLE TO APPLY.  BUT AS A
 2    PRACTICAL MATTER, THE DOCUMENTS THAT I FILED UNDER SEAL ARE
 3    PRIMARILY MY OPPONENT'S DOCUMENTS SENT TO ME MARKED "HIGHLY
 4    CONFIDENTIAL," OR WHATEVER.  SO I FILED THEM -- LEST I DRAW
 5    THEIR FIRE -- AS I DO ON EVERYTHING SINGLE THING THAT I DO,
 6    THAT I'M IN DISOBEDIENCE OF YOUR ORDER PROTECTING THE
 7    CONFIDENTIAL INFORMATION OF MY OPPONENTS.  SO IF I FILE THE
 8    STUFF NOT UNDER SEAL, THEN I'LL HAVE MOTIONS FROM MR. MELNIK.
 9    BELIEVE ME, MR. MELNIK IS LOOKING FOR EVERY OPPORTUNITY TO
10    KNOCK ME OUT OF HIS CASE.  SO I'LL GET HIS MOTION SAYING I'M
11    IN VIOLATION OF THE ORDER AND I'M DELIBERATELY TRYING TO
12    EXPOSE HIS CLIENT'S SECRETS TO THE PUBLIC AND ON AND ON.  IF
13    THEY WILL STIPULATE TO WHAT STUFF MUST BE FILED UNDER SEAL,
14    THEN I THINK IT WILL BE SIMPLE ENOUGH AND, IF YOUR HONOR WILL
15    SO ORDER, I'LL WORK WITH THEM TO THAT END.  I'D LIKE TO GET
16    THIS ON FILE.  THIS IS LOGISTICAL AS FAR AS I'M CONCERNED,
17    BUT I DON'T WANT TO HAVE MORE MOTION PRACTICE --
18          THE COURT:  I AGREE WITH YOU THAT IT IS LOGISTICAL.
19    LIKE I SAID, I HAVE NO REASON TO THINK THAT THESE DOCUMENTS
20    ARE NOT APPROPRIATELY FILED UNDER SEAL, BUT JUST --
21          MR. BRIGHT:  NOR AM I.
22          THE COURT:  -- HUMOR ME AND FILE AN EX PARTE
23    APPLICATION AND CITE TO THE NINTH CIRCUIT CASE I'VE ALREADY
24    GIVEN YOU, AND DO NOT SIMPLY RELY ON THE FACT THAT THEY WERE
25    MARKED HIGHLY CONFIDENTIAL.
```

```
 1            MR. BRIGHT:  YES, YOUR HONOR.  WELL, THEN I'LL WORK
 2   WITH OPPOSING COUNSEL, HOPEFULLY.  MR. MELNIK AND I HAVE
 3   ENDED UP AT SWORDS' POINTS, UNFORTUNATELY, FOR THE LAST
 4   60 DAYS.  BUT PERHAPS WE WORK TOGETHER AND GET AGREEMENT ON
 5   WHAT REALLY MUST BE UNDER SEAL.  I DON'T PARTICULARLY CARE, I
 6   JUST WANT TO GET THIS MOTION IN FRONT OF YOUR HONOR SO IT CAN
 7   BE HEARD.  IT GOES STRAIGHT TO THE HEART OF INFRINGEMENT, MY
 8   BURDEN TO PROVE.
 9            NOW, I HAVE ONE OTHER THING I NEED TO BRING TO YOUR
10   HONOR'S ATTENTION, AND I REGRET BRINGING IT UP TODAY, BUT MY
11   CLIENT INSISTED I DO SO, IF YOU DON'T MIND.  IT'S NOT ON
12   CALENDAR.  IF YOU DON'T WANT ME TO, I'LL KEEP MY MOUTH SHUT.
13            THE COURT:  WELL, TELL ME WHAT IT IS AND THEN I'LL
14   TELL YOU THAT --
15            MR. BRIGHT:  WHEN I TOOK THIS ENGAGEMENT A NUMBER
16   OF YEARS AGO, MY CLIENT'S NAME, AS COLIN HENDRICK (PHONETIC),
17   A MAN; COLIN HENDRICK IS TODAY CHIA HENDRICK (PHONETIC), A
18   WOMAN.  AND WITHOUT BURDENING YOUR HONOR WITH THE WHOLE
19   STORY, THE BOTTOM LINE IS THAT COLIN HENDRICK DISCOVERED THAT
20   HE WAS, IN FACT, A FEMALE AT THE MOST BASIC DNA LEVEL; THAT
21   IS TO SAY HE HAS TWO "Y" CHROMOSOMES, AND NO "X" CHROMOSOMES.
22   SO HE HAS BEEN THROUGH SOME RATHER HORRENDOUS SURGERY AND SO
23   ON TO MAKE HIMSELF FEMALE.  HIS DEPOSITION -- HER DEPOSITION
24   WAS TAKEN IN THE LAST 10 DAYS AND WILL BE RESUMED IN LATE
25   APRIL PURSUANT TO THE AGREEMENT OF THE PARTIES SO THAT THEY
```

1  CAN HAVE A FULL AND FAIR SHOT AT DEPOSING HER.  SHE TOOK

2  OFFENSE AT SOME OF THE QUESTIONING ASKED, ASSUMING IT WAS SLY

3  AND NASTY INNUENDO.

4       I'M NOT SEEKING ANY PUNISHMENT.  I JUST WANT THE

5  COURT TO KNOW THAT COLIN HENDRICK, WHOSE NAME APPEARS ON THE

6  PATENT, IS TODAY CHIA HENDRICK AND SHE IS LIVING HER LIFE AS

7  A FEMALE BECAUSE SHE IS, INDEED, A FEMALE.  SO I DON'T WANT

8  THE COURT TO WONDER WHAT IS ALL THIS SLY INNUENDO ABOUT.

9  THERE'S NOTHING SLY ABOUT IT.  THERE'S NOTHING SHAMEFUL ABOUT

10 IT.  IT IS THE FACT OF THE CASE THAT COLIN HENDRICK LIVED THE

11 LIFE OF A MAN UNTIL SHE DISCOVERED THAT SHE WAS, IN FACT

12 FEMALE.

13      I DON'T THINK THE OTHER SIDE HAS ANY REAL INTENT TO

14 ENGAGE IN SLY JOKES OR -- THERE'S NOTHING HUMOROUS ABOUT IT.

15 THERE'S NOTHING FUNNY ABOUT IT.  BUT I WANT THE COURT TO KNOW

16 ABOUT IT JUST SO THAT THE AIR IS CLEAR.  AND MY CLIENT HAS

17 ASKED ME TO TELL YOU THIS SO THAT YOU DON'T WONDER WHO'S CHIA

18 HENDRICK AND WHO'S COLIN HENDRICK.  THAT'S ALL I HAVE TO SAY

19 ABOUT IT.

20      THE COURT:  TWO ISSUES.  ONE IS, IF MS. HENDRICK

21 FEELS THAT SHE'S BEING HARASSED THEN, OBVIOUSLY, THAT'S A

22 MATTER FOR -- THE DISCOVERY PROCESS -- THAT'S A MATTER FOR

23 THE MAGISTRATE JUDGE.

24      MR. BRIGHT:  I'VE BROUGHT NO MOTION, YOUR HONOR.

25      THE COURT:  IN TERMS OF THE DEPOSITION, IT WOULD

```
1    SEEM TO ME THAT ESPECIALLY -- I DON'T KNOW WHEN THE COURSE OF
2    THE SURGERY WAS -- IF THERE'S GOOD CAUSE FOR THE DEPOSITION
3    TO CONTINUE INTO APRIL, I'M NOT OPPOSED TO THAT, BUT I DO
4    NOTE THAT THE SCHEDULE ORDER CUTS OFF DISCOVERY, I BELIEVE,
5    AS MARCH 29TH.  SO IF THERE -- SO SUBMIT A STIPULATION TO
6    ALLOW MS. HENDRICK'S DEPOSITION THEN, AND I'LL SIGN IT.  BUT
7    I JUST WANT TO POINT OUT THAT, AS OF RIGHT NOW, I DON'T
8    RECALL RECEIVING THAT STIPULATION.
9            MR. BRIGHT:  NOR HAVE WE SENT IT, YOUR HONOR, WE
10   HAVE NOT.  BUT I'VE AGREED WITH COUNSEL --
11           THE COURT:  SEND IT TO ME AND I'M SURE I WILL SIGN
12   IT.
13           MR. BRIGHT:  SHE LIVES OUTSIDE OF CALIFORNIA, FAR
14   OUTSIDE.  I'VE AGREED THAT SHE WILL COME BACK IN LATE APRIL
15   AND THEN THEY MAY COMPLETE.  THAT'S ALL.
16           I HESITATED TO BRING THIS UP, BUT MY CLIENT
17   INSISTED THAT I TELL YOU SO YOU AREN'T LEFT WONDERING WHO ARE
18   THESE PEOPLE.  IT IS ONE IN THE SAME PERSON, COLIN HENDRICK
19   TODAY IS CHIA HENDRICK.  END OF STORY.
20           THE COURT:  YES, COUNSEL.
21           MR. MELNIK:  REAL QUICKLY.  WE'LL BE ABLE TO WORK
22   OUT THE ISSUE ON THE DOCUMENTS UNDER SEAL.  IN FACT, I THINK
23   IF WE WOULD HAVE HAD A PROPER MEET AND CONFER BEFORE THE
24   MOTION WAS FILED, IT WOULDN'T BE BEFORE YOUR HONOR AT THIS
25   POINT IN TIME.
```

1          WITH RESPECT TO THE EX PARTE APPLICATION, I JUST

2     WANTED TO RAISE ONE ISSUE.  WE BROUGHT IT AS EX PARTE

3     APPLICATION BECAUSE DISCOVERY IS ENDING QUICKLY, AND WE'RE

4     FACED WITH THE DECISION OF WHAT DO WE DO WITH THESE LATE

5     SUBMITTED REPORTS.  IN FACT, WE JUST GOT ANOTHER REPORT ON

6     DAMAGES LAST NIGHT.  DO WE DEPOSE THESE EXPERTS AND BE IN THE

7     POSITION OF HAVING WAIVED THE FACT THAT THESE REPORTS ARE

8     PREJUDICIAL AND SUBMITTED LATE AND ALL THAT STUFF?  DO WE DO

9     OUR OWN REBUTTAL REPORTS AND SUBMIT THEM LATE AS WELL?  WE

10    FEEL THAT THIS IS AN ISSUE THAT WE NEEDED TO RAISE AND WE

11    NEEDED TO BRING TO THE COURT'S ATTENTION PROMPTLY BEFORE

12    DISCOVERY CLOSED, BEFORE THAT DEADLINE EXPIRED, AND NOT AWAIT

13    THE SUMMARY JUDGMENT PROCESS AND RAISE IT AS SIMPLY AN

14    OBJECTION TO THE EVIDENCE BECAUSE IT'S A BROADER ISSUE THAN

15    JUST THE IMPACT ON THE SUMMARY JUDGMENT MOTION.  IT REALLY

16    IMPACTS HOW WE CLOSE OUT DISCOVERY AND HOW WE FINISH

17    PREPARING OUR CASE AS WE MOVE FORWARD.  SO THAT'S THE REASON

18    WE BROUGHT IT THE WAY THAT WE BROUGHT IT.  AND I HEAR YOUR

19    HONOR'S GUIDANCE WITH RESPECT TO HOW WE SHOULD ADDRESS IT

20    WITH RESPECT TO THE SUMMARY JUDGMENT MOTION, BUT I FEEL THAT

21    WE STILL HAVE THIS BROADER ISSUE ABOUT POTENTIAL HOBSON'S

22    CHOICE WE'RE FACING OF WHICH RIGHTS DO THE DEFENDANTS WAIVE

23    WITH RESPECT TO THESE REPORTS.

24          THE COURT:  ALL RIGHT.  I WILL TAKE THE MATTER OF

25    THE EX PARTE APPLICATION TO WHICH A WRITTEN OPPOSITION HAS

 1  BEEN FILED UNDER SUBMISSION, AND IF I DENY IT AND YOU NEED

 2  ADDITIONAL TIME TO PURSUE EITHER -- I HEAR THE POINT THAT

 3  YOU'RE MAKING.  SO IF I DENY IT, THEN I'LL -- YOU'LL KNOW

 4  WHAT TO DO AND IF YOU NEED ADDITIONAL TIME TO DEPOSE THESE

 5  EXPERTS WHO ARE LATELY BEING DONE, I'LL TELL YOU TO WORK OUT

 6  A STIPULATION AND THE PARTIES CAN BE REASONABLE ABOUT THAT,

 7  THE SAME WAY THEY ARE WITH MS. -- I'M SORRY -- IT WAS?

 8          MR. BRIGHT:  HENDRICK.

 9          THE COURT:  MR. HENDRICK'S RENEWED DEPOSITION OR

10  MAYBE THAT SINCE HAVING A WRITTEN OPPOSITION, I'LL LOOK AT

11  BOTH OF THEM AND IF I -- MAYBE I'LL DENY IT AND THEN,

12  OBVIOUSLY, YOU ARE IN THE SAME PLACE, OR IF I GRANT IT, THEN

13  YOU WON'T HAVE TO WORRY ABOUT IT.  I SEE THE POINT THAT

14  YOU'RE RAISING.

15          MR. BRIGHT.

16          MR. BRIGHT:  YES, YOUR HONOR.  THANK YOU.  SORRY TO

17  COME BACK TO THE PODIUM.

18          THIS WEDNESDAY, TWO DAYS FROM NOW, WE HAVE

19  SCHEDULED -- THE OTHER SIDE HAS NOTICED AND I'VE AGREED TO

20  PRODUCE MR. GUSSIN TO TESTIFY AS THE 30(B)(6) WITNESS ON THE

21  SUBJECTS OF VALIDITY AND INFRINGEMENT.  HE'S ALSO MY EXPERT

22  ON THE SUBJECT OF VALIDITY AND INFRINGEMENT.  HE IS MY WHOLE

23  CASE ON VALIDITY AND INFRINGEMENT, AS PRACTICAL MATTER,

24  EXCEPT WHAT I MAY ABSTRACT FROM MY OPPONENTS IN MY OWN

25  30(B)(6) DEPOSITIONS WHICH ARE ALSO SUPPOSED TO TAKE PLACE

1    AFTER THE CUTOFF DATE, WHICH WE HAVE AGREED TO.

2          SO I HAVE AGREED TO PRODUCE MR. GUSSIN AND I HAVE

3    DONE SO IN PART TO MITIGATE -- MITIGATE -- TO DISSIPATE THE

4    ALLEGATION THAT THEY HAVEN'T HAD A FULL AND FAIR OPPORTUNITY

5    TO TAKE DISCOVERY ON THE SUBJECT OF OUR CASE.  THEY WILL HAVE

6    A FULL AND FAIR OPPORTUNITY IF THEY JUST TAKE HIM UP ON

7    WEDNESDAY AND ASK HIM THE QUESTIONS.

8          THE COURT:  WELL, LET ME SAY THIS.  IN REGARD TO

9    THE EX PARTE -- AND I'VE ONLY GLANCED AT IT ENOUGH TO GET THE

10   GIST OF WHAT IT WAS AND THEN FELT THAT IT OUGHT TO JUST BE

11   DEALT WITH IN THE THEME OF THE SUMMARY JUDGMENT.  AND I KNOW

12   THAT YOUR OPPOSITION EXISTS, BUT I HAVEN'T READ IT YET.  IN

13   YOUR OPPOSITION IF, IN FACT, HE IS YOUR WHOLE CASE, DO YOU

14   HAVE AN EXPLANATION AS TO WHY HE WAS NOT DESIGNATED IN A

15   TIMELY FASHION?

16         MR. BRIGHT:  I DO.  MY PAPERS EXPLAIN IT AS BEST I

17   CAN DO.  BUT I'M JUST SAYING A DEPOSITION ON WEDNESDAY

18   IS MORE THAN A TRIVIAL EXPENSE IN THIS CASE.  AND I'M

19   FULLY -- ONE OF THE REASONS THAT I SCHEDULED THIS DEPOSITION

20   AND AGREED TO BRING MS. HENDRICK ALL THE WAY BACK TO

21   CALIFORNIA FOR ANOTHER SESSION DEPOSITION, NOTWITHSTANDING

22   THE WASTEFUL TIME THAT MY OPPONENTS DID IN HER FIRST SESSION

23   OF DEPOSITION IS TO DISSIPATE THIS WHOLE PHONY-BOLONEY

24   ARGUMENT THAT THEY'VE SUFFERED SOME KIND OF PREJUDICE.  THEY

25   HAVEN'T SUFFERED A BLOODY THING.  BY GIVING THEM ALL THE

1   CHANCES TO TAKE THE DEPOSITION AND AGREEING TO CONTINUE THE

2   TRIAL UNTIL THE YEAR 2020 OR WHATEVER, I'VE TRIED TO MITIGATE

3   WHATEVER SO-CALLED HARM HAS HAPPENED.  THAT'S SUPPOSEDLY WHAT

4   WE'RE SUPPOSED TO DO UNDER FEDERAL RULES IF SOMEONE HAS

5   REALLY BEEN PREJUDICED.  AND WE'RE MONTHS FROM TRIAL, IF WE

6   EVEN GET STARTED IN SEPTEMBER.  WE CAN CONTINUE THE TRIAL SIX

7   MONTHS, AS FAR AS I'M CONCERNED, TO DISSIPATE.  THEY CAN TAKE

8   DEPOSITIONS FOR WEEKS ON END.  YOUR HONOR MAY IMPOSE OTHER

9   PENALTIES; FINE ME MONEY, THROW MY MOTIONS OUT, WHATEVER YOU

10  WANT TO DO.  BUT FOR GOODNESS SAKE, LET'S NOT GUT THE CASE ON

11  SOME TECHNICALITY WHEN THE OTHER SIDE WILL HAVE EVERY

12  OPPORTUNITY TO TAKE THE DISCOVERY.

13          THE COURT:  I HAVE NOT READ YOUR EXPLANATION YET

14  AND I WILL CERTAINLY DO SO AND GIVE IT CAREFUL CONSIDERATION.

15  I DON'T THINK OBEYING THE SCHEDULING ORDER, ESPECIALLY WHEN I

16  PREVIOUSLY GRANTED CONTINUANCES; AND, ULTIMATELY, THEY WERE,

17  MORE OR LESS, SELECTED BY THE PARTIES IN THE FIRST PLACE.

18  I'M NOT GOING TO HAVE THAT CHARACTERIZED AS A TECHNICALITY.

19  IT'S NOT A TECHNICALITY.  UNDER RULE 16 YOU MIGHT HAVE GOOD

20  CAUSE FOR NOT HAVING MET IT AND FOR RETROACTIVELY TRYING TO

21  HAVE IT EXTENDED, BUT IT WAS AND IS NOT A TECHNICALITY.

22          COUNSEL.

23          MR. MELNIK:  AND IT'S MORE THAN JUST NOT A

24  TECHNICALITY.  IN FACT, IT IS HIGHLY PREJUDICIAL TO US

25  BECAUSE THE COURT HAD SET A BALANCED, FAIR APPROACH TO

```
1    DISCLOSURE OF EXPERTS, WHERE PARTIES WILL SIMULTANEOUSLY

2    DISCLOSE THOSE EXPERTS AND THEIR OPINIONS, THEIR REPORTS FOR

3    THOSE ISSUES THAT THEY HAVE THE BURDEN OF PROOF ON.  AND THEN

4    A MONTH LATER, WE COME BACK AND WE DO REBUTTAL REPORTS.  WE

5    FOLLOWED THOSE RULES AND WE BARED OUR THEORIES AND OUR

6    APPROACHES TO THIS CASE TO THE PLAINTIFF, AND WE DIDN'T GET

7    ANYTHING BACK, INCLUDING STUFF THAT THEY KNEW WAS COMING IN

8    TERMS OF REBUTTAL.  WE GAVE THEM AN INVALIDITY REPORT.

9    NOTHING.  WE DIDN'T HEAR ANYTHING.  THERE WAS NO WORD THAT

10   THEY WEREN'T GOING TO BE ABLE TO DO IT.

11         NOW, IN THEIR PAPERS THEY MAKE THIS ARGUMENT THAT

12   IT'S BECAUSE OF PRODUCTION DELAY, BUT THE PRODUCTION DELAY IS

13   OF THEIR OWN MAKING.  NOW, WE HAD AGREED TO A PROTECTIVE

14   ORDER BACK IN AUGUST, AND THEY WITHDREW THEIR AGREEMENT TO

15   THAT PROTECTIVE ORDER AND FORCED US TO FILE A MOTION WITH

16   MAGISTRATE JUDGE WISTRICH, WHO, AT THE OUTSET OF THAT

17   HEARING, EXPRESSED SURPRISE THAT THE PLAINTIFF WASN'T

18   AGREEING TO THE PROTECTIVE ORDER THAT WE WERE ASKING FOR.

19   THEY WANTED THEIR C.E.O., HEAD OF RESEARCH AND DEVELOPMENT,

20   INVENTOR ON THE PATENT TO HAVE ACCESS TO THE DEFENDANT'S

21   HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY MATERIAL.  AND WE

22   SAID, "NO, THAT'S NOT APPROPRIATE.  YOU GUYS ARE OUR

23   COMPETITOR.  WE WOULD NEVER GIVE THAT TO YOU."  AND

24   MAGISTRATE JUDGE WISTRICH AGREED, SAID "NO, THAT'S NOT

25   APPROPRIATE."
```

1       SO ANY DELAY IN PRODUCTION COULD HAVE BEEN AVOIDED

2   HAD THEY SIMPLY AGREED TO THE STANDARD PROTECTIVE ORDER IN

3   THIS CASE.  THERE WAS NO GOOD REASON TO FORCE US TO HAVE TO

4   GO TO MAGISTRATE JUDGE WISTRICH.

5       FURTHERMORE, ALL OF OUR REPORTS ARE BASED ON

6   PUBLICLY AVAILABLE INFORMATION.  THEIR INFRINGEMENT THEORY IS

7   BASED ON PUBLICLY AVAILABLE INFORMATION.

8       MS. HENDRICK JUST LAST WEEK SAID, I'M ACCUSING THE

9   NEV SYSTEM -- IT'S THE NEV SPECIFICATIONS THAT CAUSED THIS

10  INFRINGEMENT.  THOSE SPECIFICATIONS ARE PUBLICLY AVAILABLE.

11  THEY'RE ON THE WEBSITE. WE PRODUCED THEM BACK IN 2012.  THEY

12  HAD EVERYTHING THEY NEED.  AND THEN LAST NIGHT WE GET THIS

13  DAMAGES REPORT BASED ON DOCUMENTS FROM 2011, PUBLIC DOCUMENTS

14  FROM 2011.  THERE'S NO REASON WHY IT HAD TO DELAY UNTIL LAST

15  NIGHT FOR THEM TO DO THESE REPORTS.  FROM MY PERSPECTIVE, IT

16  LOOKS LIKE THEY'RE TRYING TO GET A TACTICAL ADVANTAGE BY

17  WAITING FOR US TO EITHER GIVE THEM A REPORT, ASK QUESTIONS IN

18  DEPOSITIONS ABOUT THE DAMAGES THEORY AND HOW THEY'RE GOING

19  PROVE IT AND TELEGRAPH THEM ON HOW WE'RE GOING TO TRY TO

20  UNDERCUT IT, AND THEN TURN AROUND AND GIVE US A REPORT AND

21  SAY, "HERE'S MY EXPERT, HERE ARE MY OPINIONS."  AND THAT IS

22  PATENTLY UNFAIR IN THIS CASE.  AND THAT'S WHY WE THINK THE

23  MOTION WAS APPROPRIATE AND WE THINK THAT CHARACTERIZING IT AS

24  A TECHNICALITY AND WE THINK THE SANCTION THAT WE'RE ASKING

25  FOR IS ABSOLUTELY APPROPRIATE BECAUSE, OTHERWISE, WE'RE GOING

1  TO BE SEVERELY PENALIZED SIMPLY FOR FOLLOWING THE COURT'S

2  RULES.

3          MR. BRIGHT:  WELL, A HALF-TRUTH, UNFORTUNATELY.

4  THE FIRST MOTION WAS BEFORE JUDGE OLGUIN WHO GRANTED MY

5  MOTION, GRANTED IT.

6          THE COURT:  AND YOU MADE THAT CLEAR IN YOUR PAPERS

7  WHEN YOU ASKED FOR --

8          MR. BRIGHT:  AND THEN HE WAS PROMOTED AND THEY

9  REFILED THE SAME MOTION WITH THE SAME EVIDENCE AND WISTRICH

10  CHOSE TO OVERRULE JUDGE OLGUIN.  THE BOTTOM LINE IS I DIDN'T

11  GET ANY OF THEIR DOCUMENTATION UNTIL MID FEBRUARY OF THIS

12  YEAR AND NOTHING ON DAMAGES UNTIL THE BEGINNING OF MARCH OF

13  THIS YEAR.  SO I COULDN'T VERY WELL WRITE A REPORT ABOUT

14  PAPERS I DIDN'T HAVE.  NOW, THEIR ASSERTION THAT OR

15  INFRINGEMENT IS BASED ON PUBLICLY AVAILABLE DOCUMENTS IS

16  UNTRUE; OTHERWISE, I WOULDN'T HAVE FILED MY MOTION UNDER SEAL

17  AND FILED THE DOCUMENTS THAT I GOT IN MID FEBRUARY UNDER

18  SEAL.  THEY'RE MARKED CONFIDENTIAL, AND HIGHLY CONFIDENTIAL.

19  OPPOSING COUNSEL WOULDN'T GIVE THEM TO ME WITHOUT A

20  PROTECTIVE ORDER REPORT IN PLACE BEFORE THE YEAR END.

21          MEANWHILE, THEIR DAMAGES FELLOW WROTE A REPORT ON

22  THE VERY DOCUMENTS THEY WITHHELD.  AND WHEN THEY PRODUCED THE

23  DOCUMENTS THEIR EXPERT RELIED UPON, THEY WERE IN A PILE THAT

24  HAD ONE-AND-A-HALF MILLION OF PIECES OF PAPER.  THE FACT THAT

25  MR. GUSSIN AND I WERE ABLE TO GO THROUGH THAT

```
 1   MILLION-AND-A-HALF PAPERS AND FIND THE RELEVANT DOCUMENTS
 2   WHICH, OF COURSE, THEIR EXPERT HAD IN DECEMBER IS NOTHING
 3   SHORT OF MIRACULOUS.  I WORKED HARDER IN THAT TWO-WEEK PERIOD
 4   THAN I'VE WORKED PROBABLY IN TEN YEARS, BUT I COULDN'T DO IT
 5   WITHOUT DOCUMENTS AND THEY WITHHELD THEM WHILE GIVING THEM TO
 6   THEIR EXPERT TO WRITE HIS REPORT.  NOW, I CAN'T THINK OF
 7   ANYTHING UNFAIR TO OUR SIDE, NEVER MIND THE FACT THAT IF THE
 8   COURT IS TO CONSIDER A PENALTY, THE PENALTY CERTAINLY
 9   SHOULDN'T BE THE DESTRUCTION OF OUR CASE.  THE CASE LAW SAYS
10   THE COURT MAY AND SHOULD TAKE INTO ACCOUNT FAR LESSER
11   PENALTIES -- CONTINUANCES, FINANCIAL FINES ON ME, WHATEVER
12   YOUR HONOR THINKS APPROPRIATE.  BUT TO THROW US OUT OF COURT
13   WOULD BE DRACONIAN UNDER CIRCUMSTANCES WHEN THEY HAVE
14   PROFITED FROM THEIR OWN WITHHOLDING OF THE DOCUMENTS AND
15   WRITTEN REPORTS IN REBUTTAL TO A REPORT I HADN'T EVEN
16   WRITTEN.  SO I'D ASK YOUR HONOR TO PLEASE LOOK AT THIS VERY
17   CAREFULLY.  THIS IS SERIOUS STUFF AS FAR AS I AM CONCERNED.
18   IT'S A CRISIS FOR US BECAUSE, IF YOU TAKE OUR EXPERTS AWAY,
19   OUR CASE IS GUTTED.  LET ME BE CANDID:  OUR CASE IS GUTTED.
20          THE COURT:  I'M SURE THAT IT IS SET FORTH IN YOUR
21   OPPOSITION.  I'LL KEEP IT IN MIND, BUT I WILL SAY THAT IF IT
22   WAS A MATTER THAT DIRE, THEN IT WOULD HAVE BEEN APPROPRIATE
23   WHEN THE ORIGINAL DEADLINE WAS RAISING TO HAVE COME IN AND
24   SAID, "UNDER RULE 16, I SIMPLY CANNOT DESIGNATE EXPERTS NOW,"
25   AND NOT TRY TO DO IT AFTER THE FACT.
```

1    COUNSEL.

2          MR. MELNIK:  A COUPLE OF POINTS TO MAKE, AND I'M

3    NOT GOING TO TRY AND UNWIND THAT WHOLE THING.  FIRST OFF, THE

4    FIRST SUBMISSION THAT WAS FILED, JUDGE OLGUIN SIMPLY SAID,

5    LOOK, THERE'S NOT ENOUGH FACTUAL SUPPORT; I CAN'T UNDERSTAND

6    WHAT THE DOCUMENTS AT ISSUE ARE HERE, REFILE YOUR MOTION.

7    THAT'S ALL THAT WAS SAID.  THERE WASN'T A DENIAL OR AN

8    ACCEPTANCE OF ONE POSITION OR ANOTHER.  HE SIMPLY SAID,

9    THERE'S JUST NOT ENOUGH HERE.  REFILE IT WITH THE PROPER

10   DECLARATIONS.

11         AND THE SECOND POINT THAT NEEDS TO BE MADE IS THE

12   DEFENDANTS HAVEN'T DONE A DAMAGES EXPERT REPORTS.  WE DON'T

13   EVEN KNOW WHAT THEIR THEORIES ARE.  WE DIDN'T DO A REBUTTAL.

14   I'M NOT SURE WHAT REPORT PLAINTIFF'S COUNSEL IS SPEAKING OF,

15   BUT NO SUCH REPORT WAS DONE BY US.  SO I JUST WANTED TO MAKE

16   SURE THAT THE RECORD WAS CLEAR ON THAT.  WE DIDN'T DO

17   ANYTHING LIKE THAT.

18         WE DID PRODUCE ALL THE DOCUMENTS THEY ASKED FOR.

19   NOW I'M HEARING THERE WERE TOO MANY DOCUMENTS, BUT THAT'S --

20   THEY ASKED FOR A LOT OF DOCUMENTS.  WE GIVE THEM WHAT WE HAD.

21         THE LAST THING IS THEY GOT TENS OF THOUSANDS OF

22   PAGES OF THOSE DOCUMENTS BEFORE THE PROTECTIVE ORDER WAS EVEN

23   ENTERED INTO.  PUBLICLY AVAILABLE DOCUMENTS THAT WE FELT

24   COULD NOT BE DESIGNATED AS EITHER CONFIDENTIAL OR HIGHLY

25   CONFIDENTIAL, WE PRODUCED TO THEM WITHOUT THE PROTECTIVE

1    ORDER; WE PRODUCED TO THEM BEFORE IT EVEN WENT TO JUDGE

2    WISTRICH BECAUSE THEY'D ASKED FOR THEM.

3            SO FOR PLAINTIFFS TO NOW SUGGEST THAT NOT UNTIL

4    MARCH OR EVEN THE END OF MARCH WITH RESPECT TO THE DAMAGES

5    DOCUMENTS COULD THEY HAVE DONE THESE REPORTS IS JUST NOT

6    CONSISTENT WITH THE FACTS OF THIS CASE.

7            THE COURT:  ALL RIGHT.  THE EX PARTE APPLICATION IS

8    SUBMITTED.

9                    (END OF PROCEEDINGS.)

10                       --o0o--

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT**

1                           CERTIFICATE OF REPORTER

2

COUNTY OF LOS ANGELES        )
3                            )   SS.
STATE OF CALIFORNIA          )

4

5

6    I, ROSALYN ADAMS, OFFICIAL COURT REPORTER, IN AND FOR THE

7    UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF

8    CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753,

9    TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND

10   CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED

11   PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE

12   TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS

13   OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

14

15

16   DATED:  APRIL 14, 2013

17

18        **/S/   ROSALYN ADAMS**

19   ROSALYN ADAMS, CSR 11794
     OFFICIAL COURT REPORTER
20

21

22

23

24

25