Patrick F. Bright (State Bar No. 68709)
**WAGNER, ANDERSON & BRIGHT PC**
3541 Ocean View Boulevard
Glendale, California 91208
Telephone: (818) 249-9300
Facsimile: (818) 249-9335
E-Mail: pbright@brightpatentlaw.com

*Attorneys for Plaintiff SmartMetric, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMARTMETRIC, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MASTERCARD INTERNATIONAL INCORPORATED AND VISA INC.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.  11-CV-7126 MWF (AJWx)<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFF SMARTMETRIC INC. MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT OF U.S. PATENT 6,792,464 CLAIMS 1, 5-7, 11, AND 13, AND FOR DISMISSAL WITH PREJUDICE OF THE ANTICIPATION AFFIRMATIVE DEFENSE<br><br>**Date: June 24, 2013**<br>**Time: 10:00 a. m.**<br>**Place: Court of District Judge Fitzgerald** |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

# I.   INTRODUCTION

Plaintiff Smartmetric, Inc. ("Plaintiff") moves under Rule 56(a), Fed. R. Civ. P., for partial summary judgment that Defendants' EMV systems literally infringe claims 1, 5-7, 11 and 13 of Plaintiff's U. S. patent 6,792,464 (the "'464 Patent") in suit, as Mr. Edward Gussin's concurrently-filed declaration paragraphs 3-16, and the exhibits thereto, show. The parties have discussed this motion under LR 7-3, to no avail.

Plaintiff also moves to dismiss with prejudice Defendants' affirmative defense of anticipation. Defendants must plead/prove this affirmative defense by clear and convincing evidence. Anticipation is an issue of fact, not of law. To anticipate, a single prior at reference must disclose all elements of a claim arranged as in the claim. See *Electro Medical Systems S. A. v. Cooper Life Sciences Inc.* 34 Fed. 3d 1048 (Fed. Cir. 1994), holding that: "Anticipation must be proved by clear and convincing evidence. (citation omitted) Anticipation …requires the presence in a single prior art disclosure of each and every element of a claimed invention…and is a question of fact." *Accord, Gechter v. Davidson,* 116 Fed. 3d1454 (Fed. Cir. 1997). The single prior art reference must not only disclose all elements of a claim within its four corners, but must also disclose those elements "arranged as in the claim." *See Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983)

Defendants assert that Dancs U.S. patent 6,108,789 and Kleinrock U.S. patent 6,795,852 anticipate the claims at issue on this motion, but neither of these patents meets the test for anticipation because one or more elements of the claims at issue here are absent from each of these patents. See the concurrently filed Gussin declaration at paragraphs 18-19.

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The Court should decline to exclude Mr. Gussin's declaration filed in support of this motion for the reasons set forth in Plaintiff's March 15, 2013 opposition to Defendants' ex parte application, and in Section VI below.

## II.  SUMMARY JUDGMENT OF INFRINGEMENT IS APPROPRIATE HERE

The grant of partial summary judgment under Fed. R. Civ. P. 56 is appropriate in a patent case where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *Becton Dickinson & co. v. C.R. Bard, Inc.*, 922 F.2d 792, 795 (Fed. Cir. 1990).  To find literal infringement, an accused product or method must contain/embody each element of the claim. See, *Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 532 (Fed. Cir. 1996); see also, *Digital Biometrics, Inc. v. Identix, Inc.*, 149 F.3d 1335, 1349 (Fed. Cir. 1998).

**A.  THE CONCURRENTLY-FILED GUSSIN DECLARATION SHOWS THAT DEFENDANTS' ACCUSED EMV SYSTEMS INCLUDE EACH ELEMENT  OF, AND THEREFORE LITERALLY INFRINGE CLAIMS 1, 5-7, 11, AND 13, OF THE '464 PATENT.**

**1.  VISA AND MASTERCARD'S EMV SYSTEM LITERALLY INFRINGE CLAIM 1 OF THE '464 PATENT:**

The concurrently filed declaration of Edward L. Gussin, at paragraphs 6-11, and chart (Exhibit 6) shows that the VISA and MasterCard EMV systems literally infringe claim 1 of the '464 patent; stating that:

6.     The first element of Claim 1 of the '464 patent is (1) "A computer system for allowing a user to automatically access one of a plurality of network service providers which require information specific to the user and/or the network service provider to be accessed, the computer system comprising"  The following documents show this element is present in the accused VISA and MasterCard

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

EMV systems: Visa documents VIS-SM00005566 and VIS-SM00008151 describe a cardholder controlled terminal connected via a public network; VIS-SM00006156 Table A-3 describe Data Elements for On-line transactions, and shows the card as the source of user and issuer data; VIS-SM00006212 is a diagram of a computer system for allowing a user to automatically access one of a plurality of network service providers; VIS-SM00008703 is a functional flow chart showing card, terminal, network, and issuer, with issuer application data and transaction data shown on the card.   MasterCard documents MII 00006837, MII 00008357, and MII 00006964 describe a cardholder controlled terminal connected via a public network; EMV Contactless Book C-1 Table A-3 describes Data Elements for On-line transactions, and shows the card as the source of user and issuer data;  MII 00008367 and MII 00006854 state that as soon as the card is inserted into the reader, the message "Please Wait" should be displayed to reassure the cardholder that the transaction is being processed; MII 00004867 is a functional flow chart showing card, terminal, network, and issuer, with issuer application data and transaction data shown on the card.

7.    The second element of claim 1 of the '464 patent is (2) "a data card which contains the information specific to the user and/or the network service provider to be accessed[.]"  The following documents show this element is present in the accused VISA and MasterCard EMV systems: Visa document VIS-SM00008703 is a functional flow chart showing card, with issuer application data and transaction data shown on the card; VIS SM00006156 Table A-3 shows Data Elements for On-line Transactions, and shows the card as the source of user and issuer data.  MasterCard document MII 00004867 is a functional flow chard showing card, with issuer application data and transaction data shown on the card; EMV Contactless Book C-1 Table A-3 describes Data Elements for On-line

transactions, and shows the card as the source of user and issuer data.

8.    The third element of claim 1 of the '464 patent is (3) "a data card reader adapted to access at least part of the information contained on the data card when the data card is in communication therewith[.]" The following documents show this element is present in the accused Visa and MasterCard EMV systems: Visa document SM0006190 describes the POS system is the collective term given to the payment infrastructure present at the merchant.  It is made up of the Terminal and Reader.  The Reader is the device that supports the Kernel(s) and provides the contactless interface used by the Card.  MasterCard documents MII 00008367 and MII 00006854 describes the IFD should have a pictogram near the card slot indicating how to insert the card into the IC reader.  As soon as the card is inserted into the reader, the message "Please Wait" should be displayed to reassure the cardholder that the transaction is being processed.

9.    The fourth element of claim 1 of the '464 patent is (4) "a data processor in communication with the data card reader and adapted to be connected to a network[.]" The following documents show this element is present in the accused Visa and MasterCard EMV systems: Visa document VIS-SM00008703 is a functional flow chart showing card, terminal, network, and issuer.  The terminal (data processor) is shown connected to the card reader and connected to a network; VIS-SM0006190 states the POS system is the collective term given to the payment infrastructure present at the merchant, which is made up of the Terminal (data processor) and Reader.  MasterCard document MII 00004867 is a functional flow chart showing card, terminal, network, and issuer.  The terminal (data processor) is shown connected to the card reader and connected to a network; MII 00008367 and MII 00006854 shows the IFD should have a pictogram near the card slot indicating

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

how to insert the card into the IC reader.  As soon as the card is inserted into the reader, the message "Please Wait" should be displayed to reassure the cardholder that the transaction is being processed.

10.     The fifth element of claim 1 of the '464 patent is (5) "an application program resident on the data processor, said application program being configured to automatically retrieve at least part of the information contained on the data card when the data card is in communication with said data card reader and to use said information to gain access to one of the plurality of network service providers via the network by using one of a default access number indicating a designated network service provider and a local access number from a database containing a list of access numbers for the plurality network service providers along with corresponding location information for each access number in the list[.]" The following documents show this element is present in the accused Visa and MasterCard EMV systems: VISA documents VIS-SM000017639 is a Transactional Flow Table, showing a summary of the transaction processing steps. Step 1, The chip card is inserted into the chip reading device.  Step 2, Application Selection, The device determines the applications supported by the card.  Step 10, Online Processing, If requested, the device will send the transaction online.  The device sends the ARQC, the original data element used by the chip . . . online to the acquirer; VIS-SM00017378, VIS-SM00017379 VisaNet has enhanced Routing and Stand-in Processing Services.  During authorization processing, VisaNet considers the results of the card and device interaction to make routing decision. Table 7-3 VSDC Routing and STIP Options shows a column indicating Route to Issuer Default conditions. MasterCard document MII 00004867 shows a Functional flow chart showing card, terminal, network and issuer.  The terminal (data processor) is shown connected to the card reader and connected to a network.

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

MII 00008367 and MII 00006854 shows the IFD should have a pictogram near the card slot indicating how to insert the card into the IC reader.  As soon as the card is inserted into the reader, the message "Please Wait" should be displayed to reassure the cardholder that the transaction is being processed.  MII 00014949 and MII 00014950 shows The Authorization Platform provides the following: Backup to primary (default) routing and authorizing paths.  MII 00014951 and MII 00086908 shows the network routes transactions via multiple paths.  Stand-In processing uses issuer-established parameters to process authorization transactions.  MII 00014980 shows the MasterCard Network, unable to route the authorization request to the online issuer, routes it to Stand-In processing.  MII 00096113 shows Acquirers may default route to the Interchange System any Transaction not belonging to their proprietary network.  Acquirers who do not default route must update their financial institution table (FIT).  Acquirers who do not default route to the Interchange System must use the FIT for routing.

11.   The final element of claim 1 of the '464 patent is (6) "wherein said application program is immediately triggered upon insertion of said data card into said data card reader."  The following documents show this element is present in the accused Visa and MasterCard EMV systems: VISA documents VIS-SM00005583 and VIS-SM00008161 shows as soon as the card is inserted into the reader, the message "Please Wait" should be displayed to reassure the cardholder that the transaction is being processed.  VIS-SM00005983 shows the POS System must be configured such that a contactless transaction is either initiated by terminal action or starts automatically after the previous transaction has completed.  If the value of Autorun is "Yes", then the transaction start is when a card enters the polling field.  MasterCard document MII 00008367 shows that as soon as the card is inserted into the reader, the message "Please Wait" should be displayed to

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

1  reassure the cardholder that the transaction is being processed.

2  **2. VISA AND MASTERCARD'S EMV SYSTEM LITERALLY INFRINGE CLAIMS 5-7, 11 AND 13 OF THE '464 PATENT:**

3

4  The concurrently filed declaration of Edward L. Gussin and chart (Exhibit 6),

5  at paragraphs 3-5, 12-16, shows that the VISA and MasterCard EMV systems

6  literally infringe claims 5-7, 11 and 13 of the '464 patent.

7

8  **III. THIS COURT SHOULD DISMISS WITH PREJUDICE DEFENDANTS' AFFIRMATIVE DEFENSE OF ANTICIPATION**

9

10  This Court should also dismiss with prejudice Defendants' affirmative

11  defense of anticipation. Defendants assert that Dancs U.S. patent 6,108,789

12  ("Dancs") and Kleinrock U.S. patent 6,795,852 ("Kleinrock") each anticipate the

13  claims at issue on this motion, but neither of these patents disclose all of the

14  elements of any of these claims.  See the concurrently-filed Gussin declaration at

15  paragraphs 18-19.

16  Absent from the Dancs patent is disclosure of (1) an application program

17  being immediately triggered upon insertion of a data card into a data card reader

18  and (2) a database containing a list of access numbers or network service providers

19  along with corresponding location information for each access number in the list.

20  Although Dancs, in figure 3, shows a step "smart card detected??" there is no

21  indication or requirement that the following operation starts immediately following

22  the card detection or without the user taking action to confirm the operation.

23  Nowhere in Dancs is the timing or requirement for immediate triggering addressed

24  or discussed.

25  Dancs' reference to a local Internet Access Provider (IAP) refers to the

26  default IAP.  If this "local" ISP is not used, for whatever reason, the network client

27

28

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1   looks to the database located on the relationship server.  Nowhere in Dancs is there
2   any indication that the database located on the relationship server contains
3   information on the geographical location of the ISPs provided back to the network
4   client is based on location information.  Dancs, at col 7, line 51-53, specifically
5   states that the smart card contains information associated permanently with the
6   user, and is not subject to the user's location.  Dancs does not compare the
7   geographic home location of the user with information stored in the database on
8   the relationship server to determine further action by the application program.

9       Absent from the Kleinrock patent is disclosure of (1) an application program
10  being automatically and immediately triggered upon insertion of a data card into a
11  data card reader and (2) a default access number indicating a designated network
12  service provider.  Kleinrock does not discuss the insertion of a data card into a data
13  card reader, and there is no indication or requirement that any processing steps or
14  operation starts immediately following any action.  Nowhere in Kleinrock is the
15  timing or requirement for automatic or immediate triggering addressed or
16  discussed with respect to a data card or a data card being inserted into a reader.

17      Kleinrock has no default access number for a designated primary or
18  preferred network service provider.  Instead, in all embodiments, Kleinrock
19  describes the dialing of a designated central processing system which contains a
20  database of ISP providers.  There is no default ISP provider identified, selected, or
21  provided to the user.

22      Accordingly, neither Dancs nor Kleinrock, taken alone as required in an
23  anticipation analysis, discloses each and every element of the claims at issue here,
24  arranged as in these claims. This Court should dismiss with prejudice Defendants'
25  anticipation affirmative defense.

26

27

28

**MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

## IV.  THE COURT SHOULD ADMIT AND CONSIDERGUSSIN'S DECLARATION IN SUPPORT OF THIS MOTION

The Court should decline Defendants' request to exclude Mr. Gussin's declaration filed in support of this motion. Plaintiff's counsel served the report of plaintiff's infringement/validity expert, Edward Gussin, after the date set by the Court's scheduling order for doing so. But under FRCP Rule 37( c ), applicable here, the Court should not exclude Gussin's expert report, or Gussin's expert declaration in support of Plaintiff's motion for summary judgment.  That Rule prohibits exclusion where the failure to timely designate the expert or serve his report, pursuant to FRCP Rule 26, was "substantially justified or is harmless". This is not a case of nondisclosure, just a case of short delay when the case is still in the discovery phase, and months from trial, and the short delay was both "substantially justified" and harmless.

Plaintiff's delay in serving Gussin's expert report is "substantially justified", because Defendants made it impossible for Gussin to complete his analysis or report by the date in the Court's scheduling order. Defendants delayed 7 months (until February 13, 2013—which was after the date set by the Court's scheduling order for serving expert reports) before Defendants produced to Plaintiff the documents showing how Defendants' system functioned, though Plaintiff's counsel had served a timely Rule 34 Request for Production of those documents, in June 2012. Gussin could not complete his analysis or report without having Defendants' documents showing how Defendants' system functioned.  See his March 15, 2013 declaration so stating. Meanwhile, Defendants based their experts' reports on the documents withheld from production to Plaintiff.

In addition, Plaintiff's short delay is "harmless", because this case is still in the discovery phase, is months from trial, and Defendants are taking Gussin's

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

declaration on March 27, 2013 (Bright Decl). Plaintiff's counsel has now
continued hearing on Plaintiff's motion for summary judgment, to May 13, 2013,
giving Defendats adequate time to oppose. (Bright Decl, para. 1; Gussin 3/15/13
declaration).

If the Court were to decide to sanction Plaintiff for the short delay, Fed. R.
Civ. Proc. 37( c ) subsections (A), (B) and (C), call for imposition of a lesser
sanction than exclusion of the expert witness, e.g., a trial continuance. Patent cases
require an expert on infringement/validity. Excluding Plaintiff's expert on
infringement /validity for the short delay in serving the expert report here would be
equivalent to granting summary judgment against Plaintiff, and would be
reversible error. See also Plaintiff's March 15, 2013 Opposition to Defendants' Ex
Parte Application to exclude Gussin's report, explaining fully why Mr. Gussin's
declaration/report should not be excluded.

## V. CONCLUSION

This Court should grant Plaintiff SmartMetric, Inc.'s motion for partial
summary judgment of claims 1, 5-7, 11 and 13 of the '464 patent, based on
Gussin's unrebutted declaration testimony, and should dismiss with prejudice
Defendants' affirmative defense of anticipation for failure to prove this defense by
clear and convincing evidence, again based on Gussin's declaration testimony.

Dated:  April 24, 2013                  Respectfully submitted,

                                        WAGNER, ANDERSON & BRIGHT, PC

                                        By:  _____
                                        Patrick F. Bright (SBN 68709)
                                        3541 Ocean View, Blvd.
                                        Glendale, California 91208
                                        Telephone: (818) 249-9300
                                        Facsimile: (818) 249-9335
                                        Attorneys for Plaintiff
                                        SMARTMETRIC INC.

**MEMORANDUM IN SUPPORT OF
                                        MOTION FOR SUMMARY JUDGMENT**