Joseph Melnik (State Bar No. 255601)
jmelnik@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:   (650) 739-3939
Facsimile:   (650) 739-3900

Attorneys for Defendant and Counterclaimant
VISA INC.

Gary A. Clark (State Bar No. 65455)
gclark@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
Telephone:   213.620.1780
Facsimile:   213.620.1398

Attorneys for Defendant and Counterclaimant
MASTERCARD INTERNATIONAL INCORPORATED
[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SMARTMETRIC INC., <br><br> Plaintiff, <br><br> v. <br><br> MASTERCARD INTERNATIONAL INCORPORATED AND VISA INC., <br><br> Defendants. <br><br><hr> AND RELATED COUNTERCLAIMS. | Case No. CV 11-7126 MWF (AJWx) <br><br> **[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW BY DEFENDANTS AND COUNTER-CLAIMANTS' IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,792,464** |

[PROPOSED] STMT OF UNCONTROVERTED FACTS
ISO DEFS.' MSJ RE  NONINFRINGEMENT
Case No. CV 11-7126 MWF (AJWx)

SMRH:408417066.1

Defendants and Counterclaimants MasterCard International Incorporated ("MasterCard") and Visa, Inc. ("Visa") having moved for summary judgment of non-infringement of U.S. Patent No. 6,792,464, the Court finds that the following facts are uncontroverted and makes the conclusions of law set forth below.

# I.
## STATEMENT OF UNCONTROVERTED FACTS

**A.    U.S. Patent No. 6,792,464**

| | | |
|---|---|---|
| 1 | U.S. Patent No. 6,792,464 ("the '464 patent") issued September 14, 2004, based on U.S. Patent Application No. 09/784,851, filed February 15, 2001.  The '464 patent is titled "System for automatic connection to a network," and names Colin Hendrick as the inventor. | Melnik Noninfr. Decl., ¶ 1, Ex. A. |
| 2 | Column 1, lines 1-18 of the '464 patent states: "The present invention relates to a computer system that allows a user to automatically connect to a network service provider, and more particularly, to a system and method which allows a user to automatically connect to a network service provider by using a data card (i.e., a 'smart card')." | Melnik Noninfr. Decl., ¶ 1, Ex. A at 1:14-18. |
| 3 | Claim 1 of the '464 patent recites: "1. A computer system for all wing a user to automatically access one of a plurality of net rk service providers which require information specific to the user and/or the network service provider to be accessed the computer system comprising: a data card which contains the information specific to the user and/or the network service provider to be accessed; a data card reader | Melnik Noninfr. Decl., ¶ 1, Ex. A at 10:18-47. |

SMRH:408417066.1

| | | |
|---|---|---|
| | adapted to access at least part of the information contained on the data card when the data card is in communication therewith; a data processor in communication with the data card reader and adapted to be connected to a network; and an application program resident on the data processor, said application program being configured to automatically retrieve at least part of the information contained on the data card when the data card is in communication with said data card reader and to use said information to gain access to one of the plurality of network service providers via the network by using one of a default access number indicating a designated network service provider and a local access number from a database containing a list of access numbers or the plurality of network service providers along with corresponding location information for each access number in the list, wherein said application program is immediately triggered upon insertion of said data card into said data card reader." | |
| 4 | Claim 3 of the '464 patent recites:<br>"3. The computer system as set forth in claim 1, wherein the user initially inputs said default access number for storage on said data card." | Melnik Noninfr. Decl., ¶ 1, Ex. A at 10:52-54. |
| 5 | Claim 4 of the '464 patent recites:<br>"4. The computer system as set forth in claim 1, wherein upon initial use of said data card, the user is prompted to initiate said data card by inputting personal | Melnik Noninfr. Decl., ¶ 1, Ex. A at 10:55-59. |

SMRH:408417066.1

| | | |
|---|---|---|
| | identification information into said data processor for encryption and storage on said data card." | |
| 6 | Claim 5 of the '464 patent recites: "5. The computer system as set forth in claim 1, wherein said data card comprises: a microprocessor for processing the information contained on the data card; a memory component for enabling the information to be stored within the data card; and a communications interface for transferring he information from the data card to the data card reader." | Melnik Noninfr. Decl., ¶ 1, Ex. A at 10:60-67. |
| 7 | Claim 6 of the '464 patent recites: "6. The computer system as set forth in claim 5, wherein said communications interface comprises a first antenna embedded inside said data card, and said data card reader comprises a second antenna embedded therein, for communicating the information between said data card and said data card reader." | Melnik Noninfr. Decl., ¶ 1, Ex. A at 11:1-6. |
| 8 | Claim 7 of the '464 patent recites: "7. The computer system as set forth in claim 5, wherein said communications interface comprises a contact connector, and said data card reader comprises a plurality of electrical connectors for relaying information to/from said data card when the contact connector and the plurality of electrical connectors are in physical contact." | Melnik Noninfr. Decl., ¶ 1, Ex. A at 11:7-12. |
| 9 | Claim 9 of the '464 patent recites: "9. The computer system as set forth in claim 1, wherein | Melnik Noninfr. Decl., ¶ 1, Ex. A |

SMRH:408417066.1

| | | | |
|---|---|---|---|
| | | said database is stored on a memory means accessible by the data processor." | at 11:17-19. |
| | 10 | Claim 11 of the '464 patent recites:<br>"11. The computer system as set forth in claim 1, wherein said database is stored in a remote server accessible by said data processor." | Melnik Noninfr. Decl., ¶ 1, Ex. A at 11:22-24. |
| | 11 | Claim 13 of the '464 patent recites:<br>"13. The computer system as set forth in claim 1, wherein said data processor is housed within said data card reader." | Melnik Noninfr. Decl., ¶ 1, Ex. A at 11:30-31. |
| | 12 | Claim 14 of the '464 patent recites:<br>"14. A method for allowing a user to automatically access one of a plurality of network service providers which require information specific to the user and/or the network service provider to be accessed, comprising the steps of: configuring an application program resident on a data processor to automatically retrieve at least part of the information specific to the user and/or the network service provider to be accessed contained on a data card when said data card is in communication with a data card reader and to use said information to gain access to one of the plurality of network service providers via a network by using one of a default access number indicating a designated network service provider and a local access number from a database containing a list of access numbers for the plurality of network service providers along with corresponding location information | Melnik Noninfr. Decl., ¶ 1, Ex. A at 11:32-51. |

[PROPOSED] STMT OF UNCONTROVERTED FACTS ISO DEFS.' MSJ RE NONINFRINGEMENT<br>Case No. CV 11-7126 MWF (AJWx)

SMRH:408417066.1

| | | |
|---|---|---|
| | for each access number in the list; and immediately triggering said application program upon insertion of said data card into said data card reader." | |
| 13 | Claim 16 of the '464 patent recites:<br>"16. The method as set forth in claim 14, further comprising the step of prompting the user to input said default access number for storage on said data card. | "Melnik Noninfr. Decl., ¶ 1, Ex. A at 12:5-7. |
| 14 | Claim 17 of the '464 patent recites:<br>"17. The method as set forth in claim 14, further comprising the step of prompting the user, upon initial use of said data card, to initiate said data card by inputting personal identification information into said data processor for encryption and storage on said data card." | Melnik Noninfr. Decl., ¶ 1, Ex. A at 12:8-12. |
| 15 | Claim 18 of the '464 patent recites:<br>"18. The method as set forth in claim 14, further comprising the steps of: processing the information contained on the data card; storing the information in a memory within the data card; and transferring the information from the data card to the data card reader." | Melnik Noninfr. Decl., ¶ 1, Ex. A at 12:13-18. |
| 16 | Claim 19 of the '464 patent recites:<br>"19. The method as set forth in claim 18, further comprising the steps of: communicating the information between said data card and said data card reader through a first antenna embedded inside said data card and a second antenna embedded inside said data card reader." | Melnik Noninfr. Decl., ¶ 1, Ex. A at 12:19-25. |
| 17 | Claim 20 of the '464 patent recites: | Melnik Noninfr. |

[PROPOSED] STMT OF UNCONTROVERTED FACTS
ISO DEFS.' MSJ RE  NONINFRINGEMENT
Case No. CV 11-7126 MWF (AJWx)

SMRH:408417066.1

| | | |
|---|---|---|
| | "20. The method as set forth in claim 18, further comprising the steps of: relaying the information to/from said data card when a contact connector of a communications interface of said data card and a plurality of electrical connectors of said data card reader are in physical contact." | Decl., ¶ 1, Ex. A at 12:26-30. |
| 18 | Claim 22 of the '464 patent recites:<br>"22. The method as set forth in claim 14, further comprising the step of storing said database on a memory means accessible by the data processor." | Melnik Noninfr. Decl., ¶ 1, Ex. A at 12:35-37. |
| 19 | Claim 24 of the '464 patent recites:<br>"24. The method as set forth in claim 14, further comprising the step of storing said database on a remote server accessible by said data processor." | Melnik Noninfr. Decl., ¶ 1, Ex. A at 12:41-43. |

**B.    Claim Construction**

| | | |
|---|---|---|
| 20 | The Court issued a Claim Construction Order on October 3, 2012, which addressed several claim terms of the '464 patent.  ECF No. 65. | ECF No. 65. |
| 21 | In that Order, the Court determined that Judge Nguyen's and the Federal Circuit's prior constructions in the Earlier Case are also binding in this case. | ECF No. 65 at 4. |

**C.    SmartMetric's Infringement Claim**

| | | |
|---|---|---|
| 22 | SmartMetric has asserted that MasterCard and Visa have infringed the following claims:  1, 3-7, 9, 11, 13, 14, 16-20, 22, and 24 (the "Asserted Claims"). | Plaintiff's Notice of Asserted Claims |

[PROPOSED] STMT OF UNCONTROVERTED FACTS
ISO DEFS.' MSJ RE  NONINFRINGEMENT
Case No. CV 11-7126 MWF (AJWx)

SMRH:408417066.1

| 23 | SmartMetric does not allege indirect infringement or infringement under the doctrine of equivalents. | ECF No. 1 ¶¶ 1, 12. |

**D.   Visa's Payment Processing System**

| 24 | The accused Visa "contact and contact/contactless credit card systems" provide payment processing services over a network directly to financial institutions to support payment card purchase transactions. | Declaration of Christian Aabye ("Aabye Decl. ") ¶ 2. |
| 25 | Visa's payment services enable a cardholder to purchase goods or services using a payment card at locations where Visa is accepted as payment by the merchant. | Aabye Decl. , ¶ 2. |
| 26 | The Visa payment processing system does not: (1) provide the cardholder access to networks, (2) provide access to networks to anyone other than Visa's financial institution clients, or (3) require data based on the geographic location of the cardholder to provide payment services. | Aabye Decl. , ¶ 2; Grimes Decl., ¶ 3. |
| 27 | Visa does not issue smart cards.  Nor does Visa make, sell, offer for sale, distribute or install payment terminal hardware or software at the merchant location. | Aabye Decl. , ¶ 3; Grimes Decl., ¶¶ 18, 20. |
| 28 | Visa enables cardholders to use electronic payments instead of cash or checks by providing payment services to Visa's financial institution clients (*i.e.*, the acquiring and issuing banks, as described below) through VisaNet, Visa's information processing network. | Aabye Decl. , ¶ 3; Grimes Decl., ¶ 3. |

SMRH:408417066.1

| 29 | VisaNet facilitates the transfer of value and information among Visa's financial institution clients.  VisaNet's integrated architecture allows Visa to provide secure and reliable payment processing services (*e.g.*, authorization, clearing and settlement, risk management) to its financial institution clients in support of Visa transactions. | Aabye Decl. , ¶ 3. |
| 30 | Cardholders and merchants have a relationship with a financial institution, which applies the Visa brand to credit and debit cards and card readers distributed by the financial institution. | Aabye Decl. , ¶ 3. |
| 31 | Consumer and merchant relationships are managed by Visa's financial institution clients. | Aabye Decl. , ¶ 3. |
| 32 | To provide a secure and global transaction process, Visa establishes specifications and regulations that govern certain physical and technical aspects of payment cards and terminals.  These Visa specifications ensure interoperability among Visa-branded cards and terminals.  The Visa specifications do not dictate how a merchant accesses or connects to a financial institution as part of a payment transaction. | Aabye Decl. , ¶ 4. |
| 33 | By way of example, when a cardholder makes a purchase at a merchant in the United States such as Lowe's using a Visa-branded contact chip card, the following series of steps will occur at the checkout stand:<br>a. The purchase amount is acquired; | Aabye Decl. , ¶ 5. |

SMRH:408417066.1

| | | |
|---|---|---|
| | b. The card is inserted into a compatible point-of-sale ("POS") terminal;<br><br>c. The purchase amount is authorized in real-time;<br><br>d. The cardholder signs for the purchase;<br><br>e. The cardholder gets a receipt for the purchase.<br><br>While the cardholder is waiting at the checkout stand, several parties and networks interact behind the scenes to authorize and process the Visa transaction.  The parties and networks involved in a | |
| 34 | Visa's payment processing system for contact integrated circuit card transactions originating from the United States (the "Visa System") operates according to the four-party payment model, as illustrated below:<br><br><br><br>Available at http://usa.visa.com/merchants/new-acceptance/how-visa-transactions-work.html | Aabye Decl. , ¶ 6. |
| 35 | The four parties involved in the four-party payment model are: (1) the cardholder, (2) the merchant, (3) the merchant's bank (the "acquirer" or "acquiring bank"), and (4) the bank that issues the card (the "issuer" or the "issuing bank"). | Aabye Decl. , ¶ 6. |
| 36 | In the four-party payment model, the cardholder is any consumer using a Visa card to make purchases. | Aabye Decl. , ¶ 6. |
| 37 | In the four-party payment model, the merchant is any entity—a store, online retailer, hotel, airline, etc.—that accepts Visa as payment. | Aabye Decl. , ¶ 6. |

[PROPOSED] STMT OF UNCONTROVERTED FACTS ISO DEFS.' MSJ RE  NONINFRINGEMENT
Case No. CV 11-7126 MWF (AJWx)
SMRH:408417066.1

| | | |
|---|---|---|
| 38 | In the four-party payment model, the acquirer is a financial institution, such as a bank, which provides services to merchants to enable the merchants to accept their customers' payment cards at the point-of-sale. The acquirer's services include enlisting and underwriting merchants to accept Visa-branded cards, and providing means to ensure that the merchants are paid for each transaction through the payment network. | Aabye Decl. , ¶ 6. |
| 39 | In the four-party payment model, the issuer is a financial institution that issues and markets Visa-branded cards to consumers and businesses. | Aabye Decl. , ¶ 6. |
| 40 | As shown in the illustration above of the four-party payment model, the Visa System provides payment services directly the acquiring and issuing banks, not to cardholders or merchants.  As indicated in the example of the Lowe's transaction, a Visa transaction requires authorization as part of payment processing. Authorization involves the merchant obtaining approval from the issuing bank that the account associated with the card may be used for payment. | Aabye Decl. , ¶ 7. |
| 41 | The data flow for authorization of Visa transactions related to contact integrated circuit cards in the United States is as follows:<br><br>a.      **Cardholder → Merchant:**  The the contact integrated circuit card is inserted into a card reader at a at the point-of-sale terminal.<br><br>b.      **Merchant → Acquiring Bank:**  The point-of- | Aabye Decl. , ¶ 7. |

[PROPOSED] STMT OF UNCONTROVERTED FACTS
ISO DEFS.' MSJ RE  NONINFRINGEMENT
Case No. CV 11-7126 MWF (AJWx)

SMRH:408417066.1

sale retrieves data from the card and requests authorization by transmitting the cardholder's account information, along with the merchant's identification number and the transaction information (the "Authorization Data"), to the acquiring bank with whom the merchant has chosen as the service provider of payment transactions.   The connection between the merchant and the acquirer is solely the responsibility of the acquirer.  Visa has no control over the relationship, connection, and/or network (if any) between the merchant and acquiring bank.

c.     **Acquiring Bank → Visa:**  After the acquiring bank receives the Authorization Data from the merchant, the acquiring bank forwards the Authorization Data to Visa through VisaNet.  The connection between the acquirer and Visa is highly secure, continuous, and independent of the transaction, the cardholder, the merchant, or the issuer.

d.     **Visa → Issuing Bank:**  After Visa receives the Authorization Data from the acquiring bank, Visa uses the Authorization Data, and in particular the cardholder's account number, to identify the issuing bank.  Visa then sends the Authorization Data to the issuing bank for authorization.  The connection between Visa and the issuer is highly secure, continuous, and independent of the transaction, the cardholder, the merchant, or the acquirer.

[PROPOSED] STMT OF UNCONTROVERTED FACTS ISO DEFS.' MSJ RE  NONINFRINGEMENT
Case No. CV 11-7126 MWF (AJWx)

SMRH:408417066.1

| | | |
|---|---|---|
| | e.      **Issuing Bank → Visa:**  After the issuing bank receives the Authorization Data from Visa, the issuing bank conducts a series of verifications, such as checking for fraud and whether the cardholder has sufficient credit, and returns a response to Visa through VisaNet, either granting or denying authorization.<br><br>f.      **Visa → Acquiring Bank:**  Visa relays the issuing bank's response to the acquiring bank through VisaNet.<br><br>g.      **Acquiring Bank → Merchant:**  The acquiring bank then sends the authorization response to the merchant to accept or deny the card for payment. | |
| 42 | The process described above applies to all Visa transactions using a contact chip card in the United States. | Aabye Decl. , ¶¶ 6-8. |
| 43 | At no step of the transaction does the card holder's geographic location matter.  For example, the merchant does not use the cardholder's geographic location to decide which bank the merchant will choose to process the transaction.  Nor does the acquiring bank use the cardholder's geographic location in connection to VisaNet.  The Visa System simply does not require or permit different payment processes based upon geographic information. | Aabye Decl. , ¶¶ 6-8; Grimes Decl., ¶ 4. |
| 44 | Visa is not a provider of cardholder access to networks, and the Visa System does not provide or utilize any access information that "indicates a designated or | Aabye Decl. , ¶ 11; Grimes Decl., ¶ 10. |

| | | |
|---|---|---|
| | selected network service provider specific to the locale of the user" through which a cardholder may access VisaNet or another network. | |
| 45 | The Visa System does not require or use local access numbers to provide payment processing services to Visa's financial institution clients.  Further, the locale of the cardholder is immaterial to the Visa System, which aims to provide one card to be used by a cardholder anywhere in the world. | Aabye Decl. , ¶ 11; Grimes Decl., ¶¶ 4, 10. |
| 46 | The Visa System does not include a database of access numbers for multiple network service providers with geographic information for each access number.  Such a database of access numbers for multiple entities is neither necessary nor accessible to the Visa System.  The Visa System does not require or use a database of access numbers to provide payment processing services to Visa's financial institution clients.  In fact, the use of a database would be contrary to the design of the Visa System and would impede the effective use of the Visa System to process a high volume of transactions simultaneously. | Aabye Decl. , ¶ 12; Grimes Decl., ¶ 13. |
| 47 | The cardholder's geographic information at the time the transaction occurs is neither required nor used by Visa to process the payment transaction.  VisaNet is available to Visa members worldwide, and a cardholder may use a Visa-branded card for payment anywhere in the world without reference to his or her geographic | Aabye Decl. , ¶ 12; Grimes Decl., ¶¶ 4, 13. |

[PROPOSED] STMT OF UNCONTROVERTED FACTS
ISO DEFS.' MSJ RE  NONINFRINGEMENT
Case No. CV 11-7126 MWF (AJWx)

SMRH:408417066.1

| | | |
|---|---|---|
| | location. | |
| 48 | Visa interacts with the merchant only indirectly through the acquiring bank.  The merchant selects and configures certain equipment to process payment transactions at the point-of-sale without any direction from Visa, and also independently interacts with the acquiring bank. | Aabye Decl. , ¶ 13; Grimes Decl., ¶¶ 16, 18. |
| 49 | In the Visa System, the merchant selects and configures the equipment to process the payment transaction at the point-of-sale.  Visa does not control how the merchant interacts with the acquiring bank.  Similarly, Visa does not make or distribute smart cards, or card reader software. | Aabye Decl. , ¶ 14; Grimes Decl., ¶¶ 16; 18. |
| 50 | Visa provides payment processing services to its clients, the acquiring and issuing banks.  Visa does not provide network services to cardholders.  Nor does Visa provide cardholders access or entry to Visa's proprietary payment processing network. | Aabye Decl. , ¶ 16; Grimes Decl., ¶ 22. |

**E.    MasterCard's Payment Processing System**

| | | |
|---|---|---|
| 51 | MasterCard-branded payment card transactions, regardless of the underlying card technology and  | Merschen Noninfr. Decl., ¶ 47. |

| | | |
|---|---|---|
| | whether the transaction is debit (pay now) or credit (pay later), follow the generic four-corner model shown below (also known as the four-party model). The constituents of the four-corner model are (1) the cardholder, (2) the card-issuing bank (the "issuer"), (3) the merchant, and (4) the merchant's bank (the "acquirer"). Source of image: Developing And Managing a Successful Payment Cards Business, by Jeff H. Slawsky and Samee Zafar) (black rectangle at top-center added). | |
| 52 | In this payment model, a card payment is initiated by the cardholder, typically a consumer, shown in the lower-left corner of the diagram. The cardholder presents a MasterCard-branded card to the recipient of the payment, typically a merchant, shown in the lower-right corner of the diagram. The merchant is any entity, such as a store, a hotel, an airline, etc., that accepts a MasterCard-branded card as payment. The diagram shows the relationship of the consumer and merchant with their respective financial institutions (shown in the upper two corners of the diagram). The cardholder's issuing bank is a financial institution that markets and issues MasterCard-branded cards to consumers and businesses. The acquiring bank is a financial institution that enrolls merchants into programs that accept MasterCard-branded payment | Merschen Noninfr. Decl., ¶ 48. |

SMRH:408417066.1

| | | |
|---|---|---|
| | cards and ensures that the merchants are paid for each transaction. | |
| 53 | MasterCard is involved in communications between acquiring banks and issuing banks (denoted by black rectangle in figure above).  Specifically, MasterCard provides the physical network connections and systems to transmit and process authorization and settlement messages between acquirer banks and issuer banks. MasterCard also sets standards to ensure global interoperability between MasterCard-branded cards issued by every issuer and MasterCard-compatible terminals integrated into merchant locations by every acquirer around the world. | Merschen Noninfr. Decl., ¶ 49. |
| 54 | As shown by the four-corner model pictured above, MasterCard provides payment services directly to the acquiring and issuing banks, not to cardholders or merchants.  MasterCard does not make or issue payment cards, nor does MasterCard make, sell, distribute or install any payment terminal hardware (card readers and point-of-sale terminals) or software. MasterCard is not in the business of providing network connections from the merchant to the acquiring bank. MasterCard does not have contractual or other direct relationships with cardholders or merchants.  Rather, MasterCard deals solely with the issuing and acquiring banks. | Merschen Noninfr. Decl., ¶ 50. |
| 55 | The network connection between acquirer and | Merschen Noninfr. |

SMRH:408417066.1

| | | | |
|---|---|---|---|
| | | merchant is the responsibility of the acquirer, not MasterCard.  The cardholder relationship is owned and managed by the issuing bank, not by MasterCard. | Decl., ¶ 51. |
| | 56 | The merchant, often in cooperation with the merchant's acquirer bank, selects and configures point-of-sale equipment to process payment transactions and also independently interacts with the acquiring bank. | Merschen Noninfr. Decl., ¶ 51. |
| | 57 | MasterCard has no control over how a merchant gains access to an acquirer bank. | Merschen Noninfr. Decl., ¶ 51. |
| | 58 | The ISO/IEC, EMV, and MasterCard documents say nothing about how an application program might be used to gain access to an acquirer bank.  MasterCard simply does not concern itself with these aspects of a payment card system. | Merschen Noninfr. Decl., ¶ 51. |
| | 59 | The above description applies to all transactions using a MasterCard-branded contact chip card.  At no step of the transaction does the cardholder's geographic location matter.  The merchant does not use the cardholder's geographic location at the time of the transaction to decide which acquirer bank the merchant will choose to process the transaction.  Nor does the acquiring bank use the cardholder's geographic location at the time of the transaction in connecting to the MasterCard network.  MasterCard simply does not require different payment processes based upon geographic information. | Merschen Noninfr. Decl., ¶¶ 47-52. |
| | 60 | MasterCard's system does not:  (1) provide the | Merschen Noninfr. |

[PROPOSED] STMT OF UNCONTROVERTED FACTS
ISO DEFS.' MSJ RE  NONINFRINGEMENT
Case No. CV 11-7126 MWF (AJWx)

SMRH:408417066.1

| | | |
|---|---|---|
| | cardholder access to networks, (2) provide access to networks to anyone other than providing MasterCard's financial institution clients access to MasterCard's proprietary network which communicates transaction information between acquiring banks and issuing banks, or (3) require data based on the geographic location of the cardholder. | Decl., ¶ 54. |
| 61 | As described above regarding the four-party system, MasterCard's role is limited to connecting acquirer banks to issuer banks to manage the exchange of authorization requests and responses (and the subsequent clearing and settlement steps). MasterCard's system is strictly between MasterCard and its issuer and acquirer customers, and has nothing to do with the relationship between the merchant and the acquiring bank. | Merschen Noninfr. Decl., ¶ 57. |
| 62 | MasterCard's activities and proprietary network do not make use of or include "a number that indicates a designated or selected network service provider specific to the locale of the user at the time the user attempts access" in connection with MasterCard's financial institution clients.  The location of the cardholder and the merchant at the time of a payment transaction is completely immaterial in MasterCard's system. | Merschen Noninfr. Decl., ¶ 58. |
| 63 | MasterCard's system simply does not involve or use a database with a list of access numbers for network | Merschen Noninfr. Decl., ¶ 62. |

SMRH:408417066.1

| | | |
|---|---|---|
| | service providers and geographic information for each access number in the database in order to provide MasterCard's payment processing services to its financial institution clients.  Moreover, MasterCard neither requires nor uses a cardholder's geographic information to process a payment transaction. | |
| 64 | Based on the Federal Circuit's construction, the "network service provider" described in the '464 patent is an entity that provides a user entry to a network, such as an Internet service provider ("ISP"). | Merschen Noninfr. Decl., ¶ 64. |
| 65 | MasterCard provides services over a network between acquiring and issuing banks only.  It does not provide users entry to this network. | Merschen Noninfr. Decl., ¶ 65. |

**F.     Stand-In Processing**

| | | |
|---|---|---|
| 66 | Visa provides a service called "stand-in processing" for processing transactions when an issuing bank is unavailable to provide such processing.  Stand-in processing avoids disruption to a transaction when an issuing bank becomes unavailable to grant or deny authorization.  In general, an issuing bank provides instructions in advance to Visa, setting the parameters under which Visa can grant or deny authorization when an issuing bank goes offline.  When an issuing bank does go offline or is otherwise unable to be reached, the transaction is processed by Visa using the stand-in processing functionality that is integrated into VisaNet | Aabye Decl. , ¶ 9; Grimes Decl., ¶ 5. |

[PROPOSED] STMT OF UNCONTROVERTED FACTS
ISO DEFS.' MSJ RE  NONINFRINGEMENT
Case No. CV 11-7126 MWF (AJWx)

SMRH:408417066.1

| | | | |
|---|---|---|---|
| | | itself.  An authorization is then granted or denied on behalf of the issuing bank by Visa based upon the instructions provided by the issuing bank. | |
| | 67 | Stand-in processing as performed by Visa does not involve a local access number, does not depend upon the location of the cardholder or the merchant, does not require any routing that would use any local number information, and does not utilize a database with a list of access numbers and geographic information for each access number.  Rather, the routing of the transaction to the stand-in processing servers is independent of the cardholder's and merchant's location. | Aabye Decl. , ¶ 10. |
| | 68 | MasterCard provides issuing banks with a service called "stand-in processing" to be provided in the event an issuing bank is unable to process transactions itself (e.g., if the issuing bank is offline for some reason).  In general, an issuing bank provides instructions in advance to MasterCard about how to grant or deny authorization when an issuing bank becomes unavailable.  Thereafter, if an issuing bank becomes unavailable, the transaction is processed by MasterCard's stand-in processing to grant or deny authorization using the issuer's pre-provided instructions.  For stand-in processing concerning purchases originating in the United States, the routing of the payment transaction information is entirely independent of the location of the cardholder at the | Merschen Noninfr. Decl., ¶ 53. |

[PROPOSED] STMT OF UNCONTROVERTED FACTS
ISO DEFS.' MSJ RE  NONINFRINGEMENT
Case No. CV 11-7126 MWF (AJWx)

SMRH:408417066.1

| | | |
|---|---|---|
| | time of the transaction. | |

**G.    SmartMetric's failure to produce evidence.**

| 69 | The only evidence relied upon by SmartMetric in support of their infringement allegations against Defendants are (i) the documents produced in this litigation by Visa and MasterCard that describes their respective payment transaction processing systems; and (ii) the untimely expert report identifying the opinions of Mr. Edward L. Gussin. | Melnik Decl. ¶ 2, Ex. B (Gussin Tr.) at  70:5-14; 88:10-14; 125:9-24; 128:1-9, 127:5-18. |
| 70 | Mr Gussin, appearing as SmartMetric's 30(b)(6) designee, testified that SmartMetric could not identify a "local access number" as required by independent claims 1 and 14 in any of the documents produced by Defendants in this litigation.  Mr. Gussin further testified that SmartMetric was unaware of any other evidence indicating the presence of a "local access number" in either the accused MasterCard system or the accused Visa system | Melnik Decl. ¶ 2, Ex. B (Gussin Tr.) at 70:5-14; 71:23-72:16; 76:2-11; 152:4-6; 170:6-10; 175:13-17. |
| 71 | Mr. Gussin appearing as SmartMetric's 30(b)(6) designee also testified that SmartMetric could not identify "a database with a list of access numbers for network service providers and geographic information for each access number in the database" as required by independent claims 1 and 14 in any of the documents produced by Defendants in this litigation. Mr. Gussin further testified that SmartMetric was unaware of any | Melnik Decl. ¶ 2, Ex. B (Gussin Tr.) at 88:10-14; 181:14-23. |

| | | |
|---|---|---|
| | other evidence indicating the presence of "a database with a list of access numbers for network service providers and geographic information for each access number in the database" in either the accused MasterCard system or the accused Visa system. | |
| 72 | Mr. Gussin appearing as SmartMetric's 30(b)(6) designee also testified that SmartMetric did not have evidence showing that MasterCard or Visa provided each of the components of the system of Claim 1 of the '464 patent or performed each of the steps of the method of Claim 14 of the '464 patent. | Melnik Decl. ¶ 2, Ex. B (Gussin Tr.) at 95:12-25; 98:25-99:18; 156:24-157:3; 196:8-197:5. |

## II.
## CONCLUSIONS OF LAW

**Defendants Are Entitled to Summary Judgment Of Noninfringement.**

   **1.  MasterCard and Visa do not infringe claim 1 of U.S. Patent No. 6,792,464.**

     There are two steps to assessing infringement.  "First, the claim must be properly construed to determine its scope and meaning.  Second, the claim as properly construed must be compared to the accused device or process."  *Absolute Software, Inc. v. Stealth Signal, Inc.*, 659 F.3d 1121, 1129 (Fed. Cir. 2011).  The patentee bears the burden of proof on infringement.  *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1301 (Fed. Cir. 2011).  To prove literal infringement, "every limitation set forth in a claim must be found in an accused product, exactly."  *Becton, Dickinson & Co. v. Tyco Healthcare Group, LP*, 616 F.3d 1249, 1253 (Fed. Cir. 2010).  The absence of "even one limitation" in the accused product or method precludes a finding of literal infringement.  *Mas-*

[PROPOSED] STMT OF UNCONTROVERTED FACTS
ISO DEFS.' MSJ RE  NONINFRINGEMENT
Case No. CV 11-7126 MWF (AJWx)

SMRH:408417066.1

1   *Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1211 (Fed. Cir. 1998).  Summary

2   judgment of non-infringement is appropriate if no reasonable fact finder could

3   determine that the accused product or method meets every limitation of the properly

4   construed claims.  *See Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1476

5   (Fed. Cir. 1998).

6           To be liable for direct infringement, a party must commit all the acts

7   necessary to infringe the patent, either personally or vicariously.  *See Cross Med.*

8   *Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1311 (Fed. Cir.

9   2005).  For a method claim, direct infringement "means the accused infringer must

10  perform all the steps of the claimed method, either personally or through another

11  acting under his direction or control." *Akamai*, 692 F.3d at 1307.  The Federal

12  Circuit has not extended direct infringement to cases in which multiple independent

13  parties perform the steps of the method claim.  *See id.*  Further, for a system claim,

14  direct infringement by "use" of  the claimed system requires a party to use each and

15  every element of the system.  *Centillion Data Sys., LLC v. Qwest Comm'ns Int'l,*

16  *Inc.*, 631 F.3d 1279, 1284 (Fed. Cir. 2011).  To "use" a system for purposes of

17  infringement, a party must put the claimed invention into service, *i.e.*, control the

18  system as a whole and obtain benefit from it.  *Id.* (citing *NTP, Inc. v. Research in*

19  *Motion, Ltd.*, 418 F.3d 1282, 1317 (Fed. Cir. 2005)).

20          There has been a complete failure of proof on the part of SmartMetric to

21  establish that MasterCard or Visa satisfy every element of claim 1 of the

22  '464 patent.  Moreover, Visa and MasterCard have come forth with evidence to the

23  contrary.  Accordingly, MasterCard and Visa are entitled to a judgment of non-

24  infringement of claim 1 of the '464 patent as a matter of law.

25  **2.  MasterCard and Visa do not infringe claim 3 of U.S. Patent**

26  **No. 6,792,464.**

27          Because dependent claims inherit all of the limitations of the independent

28  claims from which they depend, a finding of non-infringement of an independent

[PROPOSED] STMT OF UNCONTROVERTED FACTS
ISO DEFS.' MSJ RE  NONINFRINGEMENT
Case No. CV 11-7126 MWF (AJWx)

SMRH:408417066.1

1   claim compels a finding of non-infringement of every claim dependent thereon.

2   *See Jeneric/Pentron, Inc. v. Dillon Co.*, 205 F.3d 1377, 1383 (Fed. Cir. 2000).

3        Under the controlling authority identified above, there has been a complete

4   failure of proof on the part of SmartMetric to establish that MasterCard or Visa

5   satisfy every element of claim 3 of the '464 patent.  Moreover, Visa and

6   MasterCard have come forth with evidence to the contrary.  Accordingly,

7   MasterCard and Visa are entitled to a judgment of non-infringement of claim 3 of

8   the '464 patent as a matter of law.

9       **3.  MasterCard and Visa do not infringe claim 4 of U.S. Patent**

10         **No. 6,792,464.**

11       Under the controlling authority identified above, there has been a complete

12  failure of proof on the part of SmartMetric to establish that MasterCard or Visa

13  satisfy every element of claim 4 of the '464 patent.  Moreover, Visa and

14  MasterCard have come forth with evidence to the contrary.  Accordingly,

15  MasterCard and Visa are entitled to a judgment of non-infringement of claim 4 of

16  the '464 patent as a matter of law.

17      **4.  MasterCard and Visa do not infringe claim 5 of U.S. Patent**

18         **No. 6,792,464.**

19       Under the controlling authority identified above, there has been a complete

20  failure of proof on the part of SmartMetric to establish that MasterCard or Visa

21  satisfy every element of claim 5 of the '464 patent.  Moreover, Visa and

22  MasterCard have come forth with evidence to the contrary.  Accordingly,

23  MasterCard and Visa are entitled to a judgment of non-infringement of claim 5 of

24  the '464 patent as a matter of law.

25      **5.  MasterCard and Visa do not infringe claim 6 of U.S. Patent**

26         **No. 6,792,464.**

27       Under the controlling authority identified above, there has been a complete

28  failure of proof on the part of SmartMetric to establish that MasterCard or Visa

satisfy every element of claim 6 of the '464 patent.  Moreover, Visa and MasterCard have come forth with evidence to the contrary.  Accordingly, MasterCard and Visa are entitled to a judgment of non-infringement of claim 6 of the '464 patent as a matter of law.

**6. MasterCard and Visa do not infringe claim 7 of U.S. Patent No. 6,792,464.**

Under the controlling authority identified above, there has been a complete failure of proof on the part of SmartMetric to establish that MasterCard or Visa satisfy every element of claim 7 of the '464 patent.  Moreover, Visa and MasterCard have come forth with evidence to the contrary.  Accordingly, MasterCard and Visa are entitled to a judgment of non-infringement of claim 7 of the '464 patent as a matter of law.

**7. MasterCard and Visa do not infringe claim 9 of U.S. Patent No. 6,792,464.**

Under the controlling authority identified above, there has been a complete failure of proof on the part of SmartMetric to establish that MasterCard or Visa satisfy every element of claim 9 of the '464 patent.  Moreover, Visa and MasterCard have come forth with evidence to the contrary.  Accordingly, MasterCard and Visa are entitled to a judgment of non-infringement of claim 9 of the '464 patent as a matter of law.

**8. MasterCard and Visa do not infringe claim 11 of U.S. Patent No. 6,792,464.**

Under the controlling authority identified above, there has been a complete failure of proof on the part of SmartMetric to establish that MasterCard or Visa satisfy every element of claim 11 of the '464 patent.  Moreover, Visa and MasterCard have come forth with evidence to the contrary.  Accordingly, MasterCard and Visa are entitled to a judgment of non-infringement of claim 11 of the '464 patent as a matter of law.

[PROPOSED] STMT OF UNCONTROVERTED FACTS
ISO DEFS.' MSJ RE  NONINFRINGEMENT
Case No. CV 11-7126 MWF (AJWx)

**9.  MasterCard and Visa do not infringe claim 13 of U.S. Patent No. 6,792,464.**

Under the controlling authority identified above, there has been a complete failure of proof on the part of SmartMetric to establish that MasterCard or Visa satisfy every element of claim 13 of the '464 patent.  Moreover, Visa and MasterCard have come forth with evidence to the contrary.  Accordingly, MasterCard and Visa are entitled to a judgment of non-infringement of claim 13 of the '464 patent as a matter of law.

**10. MasterCard and Visa do not infringe claim 14 of U.S. Patent No. 6,792,464.**

Under the controlling authority identified above, there has been a complete failure of proof on the part of SmartMetric to establish that MasterCard or Visa satisfy every element of claim 14 of the '464 patent.  Moreover, Visa and MasterCard have come forth with evidence to the contrary.  Accordingly, MasterCard and Visa are entitled to a judgment of non-infringement of claim 14 of the '464 patent as a matter of law.

**11. MasterCard and Visa do not infringe claim 16 of U.S. Patent No. 6,792,464.**

Under the controlling authority identified above, there has been a complete failure of proof on the part of SmartMetric to establish that MasterCard or Visa satisfy every element of claim 16 of the '464 patent.  Moreover, Visa and MasterCard have come forth with evidence to the contrary.  Accordingly, MasterCard and Visa are entitled to a judgment of non-infringement of claim 16 of the '464 patent as a matter of law.

**12. MasterCard and Visa do not infringe claim 17 of U.S. Patent No. 6,792,464.**

Under the controlling authority identified above, there has been a complete failure of proof on the part of SmartMetric to establish that MasterCard or Visa

satisfy every element of claim 17 of the '464 patent.  Moreover, Visa and MasterCard have come forth with evidence to the contrary.  Accordingly, MasterCard and Visa are entitled to a judgment of non-infringement of claim 17 of the '464 patent as a matter of law.

**13. MasterCard and Visa do not infringe claim 18 of U.S. Patent No. 6,792,464.**

Under the controlling authority identified above, there has been a complete failure of proof on the part of SmartMetric to establish that MasterCard or Visa satisfy every element of claim 18 of the '464 patent.  Moreover, Visa and MasterCard have come forth with evidence to the contrary.  Accordingly, MasterCard and Visa are entitled to a judgment of non-infringement of claim 18 of the '464 patent as a matter of law.

**14. MasterCard and Visa do not infringe claim 19 of U.S. Patent No. 6,792,464.**

Under the controlling authority identified above, there has been a complete failure of proof on the part of SmartMetric to establish that MasterCard or Visa satisfy every element of claim 19 of the '464 patent.  Moreover, Visa and MasterCard have come forth with evidence to the contrary.  Accordingly, MasterCard and Visa are entitled to a judgment of non-infringement of claim 19 of the '464 patent as a matter of law.

**15. MasterCard and Visa do not infringe claim 20 of U.S. Patent No. 6,792,464.**

Under the controlling authority identified above, there has been a complete failure of proof on the part of SmartMetric to establish that MasterCard or Visa satisfy every element of claim 20 of the '464 patent.  Moreover, Visa and MasterCard have come forth with evidence to the contrary.  Accordingly, MasterCard and Visa are entitled to a judgment of non-infringement of claim 20 of the '464 patent as a matter of law.

**16. MasterCard and Visa do not infringe claim 22 of U.S. Patent No. 6,792,464.**

Under the controlling authority identified above, there has been a complete failure of proof on the part of SmartMetric to establish that MasterCard or Visa satisfy every element of claim 22 of the '464 patent.  Moreover, Visa and MasterCard have come forth with evidence to the contrary.  Accordingly, MasterCard and Visa are entitled to a judgment of non-infringement of claim 22 of the '464 patent as a matter of law.

**17. MasterCard and Visa do not infringe claim 24 of U.S. Patent No. 6,792,464.**

Under the controlling authority identified above, there has been a complete failure of proof on the part of SmartMetric to establish that MasterCard or Visa satisfy every element of claim 24 of the '464 patent.  Moreover, Visa and MasterCard have come forth with evidence to the contrary.  Accordingly, MasterCard and Visa are entitled to a judgment of non-infringement of claim 24 of the '464 patent as a matter of law.

Dated: _____   _____

HON. MICHAEL W. FITZGERALD

///
///
///
///
///
///
///

[PROPOSED] STMT OF UNCONTROVERTED FACTS
ISO DEFS.' MSJ RE  NONINFRINGEMENT
Case No. CV 11-7126 MWF (AJWx)

- 29 -

SMRH:408417066.1

Presented by:

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By   /s/ *Gary A. Clark*
     Gary A. Clark
Attorneys for Defendant and Counterclaimant
     MASTERCARD INTERNATIONAL INCORPORATED

JONES DAY


By   /s/ *Joseph Melnik*
     Joseph Melnik
Attorneys for Defendant and Counterclaimant
     VISA, INC.

[PROPOSED] STMT OF UNCONTROVERTED FACTS
ISO DEFS.' MSJ RE  NONINFRINGEMENT
Case No. CV 11-7126 MWF (AJWx)

SMRH:408417066.1

**ATTESTATION**

I, Joseph Melnik, a CM/ECF User whose ID and password are being used to file the foregoing **DEFENDANTS AND COUNTER-CLAIMANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 6,792,464**, in compliance with L.R. 5-4.3.4(a)(2)(i), attest that Gary A. Clark of Sheppard Mullin Richter & Hampton LLP, attorneys for Defendant and Counterclaim-Plaintiff MasterCard International Inc., has concurred with this filing's content and has authorized this filing.

Dated:  May 6, 2013

Respectfully submitted,

JONES DAY

By _____/s/ Joseph Melnik_____
JOSEPH MELNIK

Attorneys for Defendant and Counterclaimant
VISA INC.

1 | [List of Additional Counsel]

2 | JASON MCDONELL (State Bar No. 115084)
jmcdonell@jonesday.com
3 | JONES DAY
555 California Street, 26th Floor
4 | San Francisco, CA 94104
Telephone:  (415) 626-3939
5 | Facsimile:   (415) 875-5700

6 | STEVEN J. CORR (State Bar No. 216243)
sjcorr@jonesday.com
7 | ALEXIS A. HOULE (State Bar No. 274429)
ahoule@jonesday.com
8 | JONES DAY
555 South Flower Street, 50th Floor
9 | Los Angeles, CA 90071
Telephone:  (213) 489-3939
10 | Facsimile:   (213) 243-2539

11 | Attorneys for Defendant and Counterclaimant
VISA INC.
12 |

13 | DARREN M. FRANKLIN (State Bar No. 210939)
dfranklin@sheppardmullin.com
DENNIS J. SMITH (State Bar No. 233842)
14 | dsmith2@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
15 | 333 South Hope Street
Los Angeles, CA 90071
16 | Telephone:  (213) 620-1780
Facsimile:   (213) 620-1398
17 |

18 | Attorneys for Defendant and Counterclaimant
MASTERCARD INTERNATIONAL INCORPORATED

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

[PROPOSED] STMT OF UNCONTROVERTED FACTS
ISO DEFS.' MSJ RE  NONINFRINGEMENT
Case No. CV 11-7126 MWF (AJWx)

SMRH:408417066.1