GARY A. CLARK, Cal. Bar No. 65455
gclark@sheppardmullin.com
DARREN M. FRANKLIN, Cal. Bar No. 210939
dfranklin@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1422
Telephone:  (213) 620-1780
Facsimile:   (213) 620-1398

Attorneys for Defendant and Counterclaimant
MASTERCARD INTERNATIONAL INCORPORATED

JOSEPH MELNIK (State Bar No. 255601)
jmelnik@jonesday.com
AN P. DOAN (State Bar No. 250111)
apdoan@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:  (650) 739-3939
Facsimile:   (650) 739-3900

Attorneys for Defendant and Counterclaimant
VISA INC.

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SMARTMETRIC INC.,<br><br>              Plaintiff,<br><br>      v.<br><br>MASTERCARD INTERNATIONAL INCORPORATED AND VISA INC.,<br><br>              Defendants,<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV 11-7126 MWF (AJWx)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND CITATION OF SUPPLEMENTAL AUTHORITY** |

1   Defendants submit this response to the Second Citation of Supplemental
2   Authority filed by Plaintiff SmartMetric, Inc. (D.I. 242).  In the Second Citation,
3   SmartMetric cites *Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc.*, 2015 U.S.
4   Dist. LEXIS 9108, at *5-*6 (D. Minn. Jan. 27, 2015).

6   The *Aviva* decision is a short, summary opinion that provides no helpful
7   analysis whatsoever.  After briefly outlining the Supreme Court's rulings in *Octane*
8   *Fitness* and *Highmark*, the district court simply maintained its prior conclusion that
9   the case was unexceptional without further discussion.  It is unclear how *Aviva* helps
10  SmartMetric.

12  However, in the Second Citation SmartMetic does not confine itself to mere
13  citation of subsequent (and unhelpful) authority.  Instead, SmartMetric uses the
14  occasion as an excuse to further argue that Defendants did not distinguish the present
15  case from the *Kaneka* and *Realtime Data* cases that SmartMetric previously cited.
16  (2d Citation at 1:27-2:9.)  Once again SmartMetric apparently views itself as
17  unconstrained by the rules and norms of patent litigation (if not all litigation) by
18  rearguing positions briefed and argued to the Court without any consideration to the
19  additional time and effort that Defendants and the Court must invest to parse the old
20  arguments from the new.  Certainly, it is improper and extraordinary for any litigant
21  to simply ignore the Court's briefing and argument schedules and instead view each
22  newly issued case as an opportunity to file new papers rearguing old positions.

24  SmartMetric cited *Kaneka* and *Realtime Data* for the proposition that it is not
25  "extraordinary" to continue to litigate a patent infringement case after receiving an
26  adverse claim construction.  In so arguing, SmartMetric overlooks that its
27  unreasonable construction of "local access number" was not merely an isolated
28  instance of SmartMetric pursuing a baseless argument.  Rather, it was part of a

1

pattern of misconduct under which SmartMetric breached most of the obligations borne by plaintiffs in patent cases: (1) SmartMetric failed to conduct reasonable and adequate due diligence before filing suit; (2) SmartMetric failed to disclose its infringement case to Defendants in discovery; and (3) SmartMetric failed to timely serve its expert report on infringement and damages in violation of the case schedule. These are the main obligations of a plaintiff-patentee in patent litigation. SmartMetric thereby forced Defendants to first reveal their non-infringement arguments, and then to disprove SmartMetric's evolving theories about Defendants' alleged "control" over data cards and card readers. These facts clearly distinguish this case from any of those cited by SmartMetric.

By almost any measure, SmartMetric's wholesale disregard of most of a plaintiff's obligations in a patent case cannot be characterized as anything but extraordinary.

Dated: February 11, 2015

          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

          By    */s/ Gary A. Clark*
                GARY A. CLARK

          Attorneys for Defendant and Counterclaimant
          MASTERCARD INTERNATIONAL INCORPORATED

Dated: February 11, 2015

          JONES DAY

          By    */s/ Joseph Melnik*
                JOSEPH MELNIK

          Attorneys for Defendant and Counterclaimant
          VISA INC.

In accordance with Local Rule 5-4.3.4(a)(2), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  February 11, 2015

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Gary A. Clark*
GARY A. CLARK

Attorneys for Defendant and Counterclaimant
MASTERCARD INTERNATIONAL INCORPORATED

[List of Additional Counsel]

DENNIS J. SMITH, Cal. Bar No. 233842
dsmith2@sheppardmullin.com
ANDREW T. KIM, Cal. Bar No. 280223
akim@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street
Los Angeles, California 90071-1422
Telephone:   (213) 620-1780
Facsimile:    (213) 620-1398

Attorneys for Defendant and Counterclaimant
MASTERCARD INTERNATIONAL INCORPORATED

JASON MCDONELL (State Bar No. 115084)
jmcdonell@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:   (415) 626-3939
Facsimile:    (415) 875-5700

STEVEN J. CORR (State Bar No. 216243)
sjcorr@jonesday.com
ALEXIS A. HOULE (State Bar No. 274429)
ahoule@jonesday.com
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone:   (213) 489-3939
Facsimile:    (213) 243-2539

Attorneys for Defendant and Counterclaimant
VISA INC.